**Jose CAMPUSANO, Petitioner–
Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**Docket No. 04–5134–PR.**

United States Court of Appeals,
Second Circuit.

Argued: Aug. 2, 2005.

Decided: March 23, 2006.

Sally Wasserman, New York, New York, for Petitioner–Appellant.

William C. Komaroff, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief; Robin L. Baker, Assistant United States Attorney, of counsel), New York, New York, for Respondent–Appellee.

Before: POOLER and SOTOMAYOR, Circuit Judges, and KORMAN, Chief District Judge.*

SOTOMAYOR, Circuit Judge:

 The question presented in this case is whether an attorney who fails to file a notice of appeal requested by his client is constitutionally ineffective when the client waived appeal in his plea agreement. We hold that even after a waiver, a lawyer who

---

* The Honorable Edward R. Korman, Chief District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When counsel fails to do so, we will presume prejudice, as required by *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit.

## BACKGROUND

Petitioner-appellant Jose Campusano ("Campusano") appeals from an order of the United States District Court for the Southern District of New York (Scheindlin, J.) denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On November 7, 2001, Campusano pled guilty to one count of distributing and possessing with intent to distribute 27 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Campusano's plea agreement contained a promise not to appeal or otherwise challenge his sentence under 8 U.S.C. § 2255, provided the sentence fell within a stipulated range of 108 to 135 months.[1] On May 21, 2002, the district court imposed a sentence of 108 months. No direct appeal was filed.

On April 15, 2003, Campusano filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel. Campusano claimed, *inter alia*, that he twice timely requested that his counsel file a notice of appeal but

that his counsel failed to do so. He referenced the general *per se* rule created by *Flores–Ortega* that failure to file a requested notice of appeal constitutes ineffective assistance and that no independent showing of prejudice need be made in such cases.

Before the district court, the government opposed most of the substantive challenges raised in Campusano's motion concerning his sentence. It conceded, however, that if Campusano prevailed, after a hearing, on the factual question of whether he timely asked his counsel to file a notice of appeal, he would be entitled to have his judgment of conviction vacated and a new judgment entered, so that he would have another opportunity to file a timely direct appeal. The government has abandoned this concession on appeal.

The district court denied Campusano's motion in its entirety, holding, *inter alia*, that "[u]nless a defendant asks his attorney to file an appeal that raises one of the permitted grounds for appeal despite the plea waiver, the *per se* rule" that failure to file a requested appeal constitutes prejudice "cannot apply." *See Campusano v. United States*, No. 03 Civ. 2982(SAS), 2004 WL 1824112, at *6 (S.D.N.Y. Aug.13, 2004). The district court granted a certificate of appealability with respect to the applicability of the presumption of prejudice when counsel fails to file a requested appeal after a waiver. *Id.* Campusano timely appealed.

## DISCUSSION

 This case requires us to decide whether a habeas petitioner whose lawyer

---

1. The relevant language reads as follows: "It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Guidelines range set forth above (108 to 135 months).... Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation."

allegedly ignored his requests for an appeal must demonstrate on collateral review that his claims would have had merit before he is allowed to pursue them on direct appeal.[2] When reviewing a petition for habeas corpus, we review factual findings for clear error and questions of law *de novo. Triana v. United States,* 205 F.3d 36, 40 (2d Cir.2000). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed *de novo.*" *LoCascio v. United States,* 395 F.3d 51, 54 (2d Cir.2005) (internal quotation marks omitted).

■■■ The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Under the familiar two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel must demonstrate that the representation (1) "fell below an objective standard of reasonableness," *id.*

at 688, 104 S.Ct. 2052, and (2) prejudiced the defendant, *id.* at 694, 104 S.Ct. 2052.

■■■ In *Flores–Ortega,* the Supreme Court applied the *Strickland* test to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. 528 U.S. at 476–77, 120 S.Ct. 1029. The *Flores–Ortega* Court held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable, *id.* at 477, 120 S.Ct. 1029, and that where counsel's error leads to "the forfeiture of a proceeding itself," prejudice will be presumed, *id.* at 483–84, 120 S.Ct. 1029. " 'When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit.' " *Id.* (quoting *Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) (internal brackets omitted)).[3] The question in this case is whether the *Flores–Ortega* presumption of prejudice applies to a defendant who has waived appeal in a plea agreement.

The government argues that all of Campusano's substantive claims were precluded by his waiver of appeal, and that, as a result, the *Flores–Ortega* presumption of prejudice should not apply. In effect, the government would have us (1) reach the

---

**2.** Aside from his claim that his lawyer failed to file the requested notice of appeal, Campusano argued in his petition, *inter alia,* that his lawyer had failed to inform him that the firearm enhancement to be applied under U.S.S.G. § 2D1.1(b)(1) was arguably not applicable to his case, which "left him at the mercy of [the] prosecution" during plea negotiations. *For reasons to be discussed, we do not reach the merits of this or Campusano's other claims in this appeal.*

**3.** In cases where the defendant gives counsel no instructions on whether to appeal, we ask whether counsel consulted with the defendant about the possibility of appeal. *Flores–Ortega,* 528 U.S. at 478, 120 S.Ct. 1029. "If

counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* If counsel failed to consult, we ask whether "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S.Ct. 1029. If so, prejudice will be presumed. *Id.* In the present case, Campusano alleges that he requested an appeal, but that his requests were ignored, so we need not examine the consultation or decide whether a waiver would affect the consultation analysis under *Flores–Ortega.*

merits of the claims Campusano would have made on appeal, (2) hold that they were precluded by the waiver, and (3) conclude that Campusano was not prejudiced by any failure to file the appeal because his only grounds for appeal were frivolous. As the district court put it, "[c]ounsel should not be deemed ineffective for failing to bring a meritless appeal." *Campusano*, 2004 WL 1824112, at *5.

■ To understand the issues raised by this case, it is necessary to understand the scope of defense counsel's obligations where an appeal would apparently be frivolous. Generally, attorneys who believe their client's appeal would be frivolous are required to file a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Anders* requires that counsel submit a brief to the court and to the defendant, requesting withdrawal but "referring to anything in the record that might arguably support the appeal." *Id.* at 744, 87 S.Ct. 1396.

> [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their

merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.*

■ In *United States v. Gomez–Perez*, 215 F.3d 315 (2d Cir.2000), this Court held that an *Anders* brief is required in situations where the defendant has executed a waiver of appeal and then filed his own *pro se* notice of appeal. *Id.* at 319. A post-waiver *Anders* brief must address: (1) whether the plea and waiver were knowing, voluntary, and competent; (2) whether it would be against the defendant's interest to contest his or her plea; and (3) any issues implicating rights that cannot be, or arguably were not, waived.[4] *Id.*

We noted that, although waivers of appeal are enforceable in all but a few situations, important constitutional rights require some exceptions to the presumptive enforceability of a waiver. *Id.* at 319 (noting that waivers are not enforceable "when the waiver was not made knowingly, voluntarily, and competently . . ., when the sentence was imposed based on constitutionally impermissible factors . . ., when the government breached the plea agreement . . ., or when the sentencing court failed to enunciate any rationale for the defendant's sentence" (internal citations, alterations, and quotation marks omitted)). These

---

**4.** The government and the district court would distinguish *Gomez–Perez* because a *pro se* notice of appeal had been filed in that case, whereas here neither the attorney nor the defendant filed such a notice. *See Campusano*, 2004 WL 1824112, at *5 n. 6; *Gomez–Perez*, 215 F.3d at 317. Arguably, a lawyer does less damage to his or her client by declining to file a notice of appeal than by withdrawing once an appeal is initiated, because declining to file a notice of appeal does not signal as loudly to the court that counsel believes the appeal to be frivolous. But here the lawyer's alleged failure to file a notice of appeal resulted in a greater harm to the de-

fendant than had the client filed his own notice of appeal, because it caused "the forfeiture of a proceeding itself." *Flores–Ortega*, 528 U.S. at 483, 120 S.Ct. 1029. Moreover, the main concern in *Anders* was that all defendants have an equal opportunity to be represented by counsel who will fairly argue their case. Here, as in *Anders*, the client should be afforded the opportunity to be advised by counsel as to his or her best possible arguments or why counsel believes no such arguments exist. *See Anders*, 386 U.S. at 745, 87 S.Ct. 1396. We decline to limit *Gomez–Perez* to cases where a defendant, represented by counsel, has filed a *pro se* notice of appeal.

constitutional protections are endangered if counsel fails to pursue an appeal without advising a client of the reasons for doing so. "[W]hile these exceptions [to the enforceability of a waiver] may be few in kind and sporadic in frequency in comparison with the bulk of cases where waivers are presumptively enforceable, they are the exceptions that must drive our rule requiring an *Anders* brief." *Id.* at 320.

■■■ We further noted in *Gomez–Perez* that the filing of an *Anders* brief would make it appropriate for this Court to consider whether the appeal would be frivolous and to dismiss the appeal if we so found:

> In the event that defendant's counsel files an adequate Anders brief, and the defendant likewise fails to point to any non-frivolous issues pertaining to the plea agreement and appeal waiver, a Motions Panel will then review the record and determine whether it is appropriate to dismiss the appeal.

*Id.* at 320 (emphasis added). Thus, *Gomez–Perez* strongly suggests, and we now hold, that where counsel does not file a requested notice of appeal and fails to file an adequate *Anders* brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review. *See United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir.2005) (holding that the *Flores–Ortega* presumption of prejudice applies even where the defendant waived appeal in a plea agreement "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit").

Because the present case involves the loss of a chance at an entire appellate proceeding, it is similar to *Garcia v. United States*, 278 F.3d 134 (2d Cir.2002), in which this Court held that a defendant who was incorrectly advised by counsel that no appeal was possible must be granted an opportunity to appeal. *Id.* at 137. In that case, the government argued also that there was no merit to any of the defendant's substantive challenges to his sentence. We held that "under the plain teaching of *Flores–Ortega* ... [the defendant on habeas review] is not required to establish the merits of any claim that he would have raised on direct appeal." *Id.* at 138. The same reasoning applies here.

Our precedents take very seriously the need to make sure that defendants are not unfairly deprived of the opportunity to appeal, even after a waiver appears to bar appeal. In *United States v. Tang*, 214 F.3d 365 (2d Cir.2000), for example, we suggested that whenever the defendant indicates a desire to appeal despite a waiver, the district court should inform the defendant of the timeframe for doing so regardless of whether the judge believes a non-frivolous ground for appeal exists.[5] *Id.* at 370. The implication is that a waiver does not signal an end to our concern for a defendant's right to participate fully in decisions about whether to appeal.

The obvious concern raised by the application of the *Flores–Ortega* presumption to post-waiver situations is efficiency. Perhaps, in the instant case, it would be simpler for us to reach the merits and, assuming we find that Campusano failed to make a non-frivolous challenge to his plea agree-

---

**5.** *Tang* notes that where a waiver is "of the type we have ruled generally enforceable," district court judges "should not give *unqualified* advice concerning a right to appeal." 214 F.3d at 370 (emphasis added); *see* Fed. R.Crim.P. 32(j)(1)(B) (requiring advice of "any right to appeal"). Of course, where a waiver appears enforceable, a judge should not advise the defendant that he or she has a right to appeal, because ordinarily this will be incorrect. But even after a waiver, *Tang* suggests courts should make sure defendants are informed of the possibility of appeal. *Tang,* 214 F.3d at 370.

ment, to dismiss the appeal. It is tempting to require Campusano to show that his appeal raises non-frivolous issues now, instead of awaiting the results of an evidentiary hearing and, potentially, a second appeal. But if we require him to make that showing now, we will undermine *Gomez–Perez* and the principles of the Sixth Amendment by allowing attorneys who believe their clients' appeals to be frivolous simply to ignore the clients' requests to appeal.

Nor do we believe our holding will substantially burden the courts. When a defendant claims that his attorney failed to file a requested notice of appeal, the following proceedings will ensue: (1) a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant did in fact request that a notice of appeal be filed. The approach advocated by the government and the district court would entail the following: (1) a proceeding before the district court pursuant to § 2255 in which the district court may dismiss the motion if the court finds that any appeal would have been meritless; (2) an appeal from the district court's ruling, should either party seek one, and (3) a direct appeal if the defendant prevails on his ineffective-assistance challenge.

Our approach thus involves no additional step. We require the district court to hold a hearing without assessing the merits of the requested appeal, where the government's approach would ask the court to first examine the merits to determine whether any appeal would be frivolous. At the district court level, we doubt that the relatively simple fact-finding we require will be any more complicated than examining the merits of an appeal that has not been filed, as would be required under the government's approach. As noted in

*Chang v. United States,* 250 F.3d 79, 85–86 (2d Cir.2001), and *Pham v. United States,* 317 F.3d 178, 184 (2d Cir.2003), the district court has discretion to determine if a testimonial hearing will be conducted. *Chang,* 250 F.3d at 85 (noting that the Supreme Court has held that, "although a hearing may be warranted, that conclusion does not imply that a movant must always be allowed to appear in a district court for a full hearing"). At the appellate level, both scenarios require a direct appeal if the defendant prevails on his ineffective-assistance challenge. Of course, in both scenarios, this additional appellate proceeding will be necessary only where the defendant's Sixth Amendment rights are actually violated. It is true that, under our approach, defendants who establish ineffective assistance may indeed go on to file frivolous appeals, but such appeals will be promptly dismissed.

As the Tenth Circuit has noted, the presumption of prejudice in post-waiver cases "is not a matter of formalistic compliance with a technical rule merely postponing the inevitable denial of relief on the merits. Rather, it serves to safeguard important interests with concrete and potentially dispositive consequences which can be guaranteed only by the direct-appeal process and the concomitant right to counsel." *United States v. Garrett,* 402 F.3d at 1265–66 (internal citation, alteration and quotation marks omitted). An *Anders* brief at least makes available to the defendant the best possible arguments supporting his appeal or the reasons why counsel believes no such arguments exist. *See Anders,* 386 U.S. at 745, 87 S.Ct. 1396. Thus, if the defendant chooses to proceed *pro se,* he or she will do so with as much advice and assistance as his or her attorney can ethically provide. When an *Anders* brief is filed and a court reviews the appeal to determine whether it raises non-frivolous issues, the defendant is afforded first an

opportunity to appeal with the benefit of counsel and then an opportunity to demonstrate to the court the existence of non-frivolous issues after counsel has withdrawn. These are not trivial opportunities. The Sixth Amendment does not allow them to be forfeited through attorney error.

 Admittedly, applying the *Flores–Ortega* presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose. There will not be many cases in which a defendant whose attorney fails to file a notice of appeal after a plea agreement and a waiver of appeal, and whose hypothetical appeal seems meritless during ineffective-assistance habeas review, eventually prevails. But rare as they might be, such cases are not inconceivable, and we do not cut corners when Sixth Amendment rights are at stake. A defendant who executes a waiver may sign away the right to appeal, but he or she does not sign away the right to the effective assistance of counsel.

We decline to adopt a rule that would allow courts to review hypothetical appeals as a substitute for real appeals that have been blocked by attorney error. As the Supreme Court has stated, "[t]hose whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings." *Rodriquez v. United States*, 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). The concern animating *Flores–Ortega*—that defendants not be forced by attorney error to accept "the forfeiture of a proceeding itself"—is a powerful one even where the defendant is the only person who believes an appeal would be worthwhile. 528 U.S. at 483, 120 S.Ct. 1029.

Accordingly, on remand, the district court is directed to conduct an evidentiary hearing to determine whether Campusano in fact instructed his attorney to file an appeal. If Campusano did give such an instruction, he is to be allowed a direct appeal.

## CONCLUSION

For the foregoing reasons, we VACATE the order of the district court and REMAND the case for further proceedings consistent with this opinion.