**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS W. WALES,

Defendant-Appellant.

No. 05-3445

District of Kansas

(D.C. Nos. 05-CV-3347-RDR &
03-CR-40151-RDR)

**ORDER AND JUDGMENT** *

Before **MURPHY** , **SEYMOUR** , and **McCONNELL** , Circuit Judges.

Thomas W. Wales, a federal prisoner proceeding *pro se* , seeks a certificate

of appealability (COA) that would allow him to appeal the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. §

2253(c)(1)(B). Because we conclude that Mr. Wales has failed to make "a

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

substantial showing of the denial of a constitutional right," we deny his request

for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## I. Background

Mr. Wales was indicted for two violations of federal law: possession with

intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. §

841(a)(1); and possession of an unregistered firearm, in violation of 26 U.S.C. §

5861(d). On July 2, 2004, he entered into a plea agreement. In the agreement,

Mr. Wales admitted to cultivating 138 marijuana plants with the intent to derive

money from the plants and to purchasing and possessing an unregistered shotgun.

The plea agreement also included waiver of his rights to appeal and to collateral

attack. It stated:

> **Waiver of Appeal and Collateral Attack**. Defendant knowingly
> and voluntarily waives any right to appeal or collaterally attack any
> matter in connection with this prosecution, conviction and sentence.
> The defendant is aware that Title 18, U.S.C. § 3742 affords a
> defendant the right to appeal the conviction and sentence imposed.
> By entering into this agreement, the defendant knowingly waives any
> right to appeal a sentence imposed which is within the guideline
> range determined appropriate by the court. The defendant also
> waives any right to challenge a sentence or otherwise attempt to
> modify or change his sentence or manner in which it was determined
> in any collateral attack, including, but not limited to, a motion
> brought under Title 28, U.S.C. § 2255 [except as limited by *United
> States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a
> motion brought under Title 18, U.S.C. § 3582(c)(2). In other words,
> the defendant waives the right to appeal the sentence imposed in this
> case except to the extent, if any, the court departs upwards from the
> applicable sentencing guideline range determined by the court.
> However, if the United States exercises its right to appeal the

> sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement 9-10. The district court accepted Mr. Wales's guilty plea and imposed two concurrent 60-month sentences. The mandatory statutory minimum for possession of 100 or more marijuana plants is 60 months. 21 U.S.C. § 841(b)(1)(B)(vii).

Despite the waiver provision in his plea agreement, Mr. Wales filed a *pro se* direct appeal which this Court dismissed as untimely, without considering the waiver. On August 24, 2005, Mr. Wales filed a motion in the district court to vacate, set aside, or correct his sentence. In the motion, he claimed that he was not in possession of the shotgun; that his attorney was ineffective in failing to inform him of the time limit for filing an appeal; that he was sick; that he did not plant the marijuana; and that there was no evidence of intent to distribute. The district court denied the motion to vacate, finding that Mr. Wales had waived his right to habeas relief in his plea agreement. The court also found that in his plea agreement Mr. Wales admitted to the facts he is now contesting and that he was not prejudiced by any ineffectiveness of counsel. Because the district court did not act on Mr. Wales's request for a COA, we deem the district court's failure to act a denial of a COA. 10th Cir. R. 22.1(C). Mr. Wales filed an application for a COA in this Court.

-3-

After he filed an application for a COA in this Court, Mr. Wales also filed a "Motion to Vacate Sentence Under the Constitution and Statu[t]es," in which he claimed that the supervised release portion of his sentence was unauthorized and unlawful. This issue is waived because Mr. Wales did not raise this issue before the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

## II. Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

The district court found that Mr. Wales's claims are barred by the waiver on collateral attacks contained in his plea agreement. This Court has held that a defendant's waiver of appellate rights is binding if (1) the scope of the waiver covers the present appeal, (2) the waiver was knowing and voluntary, and (3) enforcement of the waiver would not result in a miscarriage of justice. *United*

-4-

*States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).  The same standard applies to waivers of collateral review, and Mr. Wales does not argue otherwise.

We agree with the district court that the language of the plea agreement supports a waiver that encompasses all of Mr. Wales's claims.  The plea agreement states that "[d]efendant knowingly and voluntarily waives any right to appeal or collateral[] attack."  Plea Agreement 9.  The plea colloquy indicates that Mr. Wales understood the terms of the plea agreement, and Mr. Wales does not contend that the waiver was invalid.  Finally, enforcing the waiver will not result in a miscarriage of justice: the district court did not rely on an impermissible factor in accepting the plea agreement, Mr. Wales was sentenced to the mandatory minimum under the statute, the waiver is not otherwise unlawful, and Mr. Wales does not claim that counsel was ineffective in negotiating his plea agreement.  *See Hahn*, 359 F.3d at 1327.

Nor does Mr. Wales overcome his waiver of collateral review by arguing that counsel was ineffective in failing to notify him of the time limit for filing an appeal.  This Court will not enforce a waiver of collateral review when a defendant was deprived of the opportunity for direct appeal because defense counsel rendered ineffective assistance by ignoring a defendant's request to perfect an appeal.  *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir.

2005); *see also Campusano v. United States*, --- F.3d ---, No. 04-5134, 2006 WL 751360, at *4 (2d Cir. Mar. 23, 2006). But Mr. Wales has presented no evidence that he asked his lawyer to file an appeal. If a defendant does not request that counsel file an appeal, defense counsel is constitutionally obligated to consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). In making this determination, it is relevant "whether the conviction follows a trial or a guilty plea . . . because such a plea may indicate that the defendant seeks an end to judicial proceedings[,] whether the defendant received the sentence bargained for as part of the plea[,] and whether the plea expressly reserved or waived some or all appeal rights." *Id.* Mr. Wales has presented no evidence that he informed his attorney of his interest in appealing. The facts known to defense counsel—that Mr. Wales pleaded guilty, received the sentence bargained for, and waived all appeal rights—reasonably suggested to counsel that a rational defendant would not want to appeal, and more specifically that Mr. Wales was not interested in appealing his conviction or sentence. Counsel was therefore not constitutionally deficient in failing to perfect

a direct appeal, and we enforce Mr. Wales's waiver of his right to collateral review.

### III.  Conclusion

Accordingly, we  **DENY**  Thomas W. Wales' request for a COA and **DISMISS**  this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge