**Miguelo PAULINO, Plaintiff,**

v.

**UNITED STATES OF AMERICA, Defendant.**

No. 06 Civ. 5039.

United States District Court, S.D. New York.

Feb. 27, 2007.

Miguelo Paulino, pro se, petitioner.

Ray Brook, NY.

## DECISION AND ORDER

MARRERO, District Judge.

Petitioner Miguelo Paulino ("Paulino") brought this action pursuant to 28 U.S.C. § 2255 (the "Petition") seeking to vacate, set aside or correct his sentence. Paulino contends that was denied effective assistance of counsel in that he directed his attorney to file a notice of appeal of his sentence and that the attorney failed to do so. Alternatively, Paulino requests an evidentiary hearing to determine whether in fact his attorney ignored Paulino's instructions in this regard. The Government opposes the Petition on the grounds that in fact Paulino waived his right to appeal in a

plea agreement and by not having requested that an appeal be filed, and that in any event the Petition is time-barred. For the reasons stated below, the Petition is DENIED.

## I. BACKGROUND

Paulino pled guilty before this Court on October 11, 2002, pursuant to a plea agreement (the "Plea Agreement") to a one-count information charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine base, in violation of 21 U.S.C. § 846. Under the Plea Agreement, Paulino stipulated with the Government to a Sentencing Guidelines range of 262 to 327 months' imprisonment and agreed not to appeal under 28 U.S.C. § 2255 ("§ 2255") any sentence within or below the stipulated range. On October 10, 2003, the Court sentenced Paulino to serve 262 months of imprisonment. The Plea Agreement thus barred an appeal of this sentence. No notice of appeal was ever filed by or on behalf of Paulino.

In his Petition, Paulino alleges that he asked his attorney, B. Alan Seidler ("Seidler"), who represented Paulino during the criminal proceedings through sentencing, to file an appeal, but that Seidler replied that an appeal was not feasible by reason of the waiver of appeal in the Plea Agreement. Paulino further asserts that he nonetheless instructed Seidler to file the notice of appeal and that Seidler assured him that he was working on the matter.

Attached to the Petition, Paulino submitted affidavits of two persons who state that they are Paulino's sisters. One of them, Teresa Soto ("Soto") affirms that Paulino expressed displeasure with Seidler's performance and told her that he intended to file an appeal despite his guilty plea. (See Affidavit of Teresa Soto, dated May 24, 2006 ("Soto Aff."), attached as an exhibit to the Petition). Soto further states that she tried calling Seidler to ensure that Paulino's appeal would be filed, but that her call was not returned, and that "[a]pproximately 18 months later" (id. ¶ 2) Paulino asked her to check on the status of the appeal, at which point she learned that no appeal had been filed and so informed Paulino. The second affidavit is from Anna Guava ("Guava"). (See Affidavit of Anna Guava, dated May 25, 2006 ("Guava Aff."), attached as an exhibit to the Petition.) Guava attests that Paulino informed her that he was pleading guilty but wanted to appeal his sentence if it exceeded 20 years; that Seidler had assured her that Paulino would receive a sentence of 15 years; that she personally told Seidler at the sentencing in October 2003 to file an appeal on Paulino's behalf; that Paulino had "recently" (id. ¶ 3) asked her to inquire as to the status of his appeal; and that she informed Paulino of her finding that no appeal had been filed.

Accompanying its response to the Petition, the Government submitted an affidavit from Seidler. In it Seidler attests that at no time did Paulino or any family member on his behalf request that he appeal Paulino's sentence or file a notice of appeal, and that as a standard practice he files such a notice when requested by a client even if he regards the appeal as unmeritorious.

## II. DISCUSSION

### A. WAIVER OF APPEAL

■ Where a defendant waives his right to appeal his sentence under the terms of a plea agreement and nonetheless instructs his attorney to file a notice of appeal, counsel's failure to do so when it forfeits the proceeding is presumed to be prejudicial. See Roe v. Flores–Ortega, 528 U.S. 470, 483–84, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); Campusano v. United States, 442 F.3d 770, 775 (2d Cir.2006). In Cam-

*pusano*, the Second Circuit enunciated a procedure applicable when a defendant claims that his attorney disregarded a request to file a notice of appeal: "(1) a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant did in fact request that a notice of appeal be filed." 442 F.3d at 776.

The Circuit Court further elaborated that under the "relatively simple fact-finding" proceedings required, the district court "has discretion to determine if a testimonial hearing will be conducted." *Id.* (*citing Chang v. United States*, 250 F.3d 79, 85–86 (2d Cir.2001)). Thus, the "hearing" called for "'does not imply that a movant must always be allowed to appear in a district court for a full hearing.'" *Id.* (*quoting Chang*, 250 F.3d at 85); *see also Delacruz v. United States*, 2006 WL 2129335, at *4 (S.D.N.Y. July 31, 2006); *Lopez v. United States*, 2006 WL 2020389, at *2 (S.D.N.Y. July 12, 2006); *Adama v. United States*, 2001 WL 1568809, at *1 (S.D.N.Y. Dec.7, 2001).

Having reviewed the Petition and its attachments, as well as the Government's response and accompanying material, the Court concludes that any further evidentiary hearing in this action would "add little or nothing to the written submissions." *Chang*, 250 F.3d at 86.

■ The Court notes at the outset that Paulino's assertions that he directed his attorney to file an appeal are contained in his unsworn Petition and memorandum of law, as against Seidler's declaration made under oath denying Paulino's claims. Moreover, while Paulino chose not to make his own recitation of the facts, which presumably are based on personal knowledge, in the form of a sworn statement, he did submit the declarations of Soto and Guava in affidavits. These documents, however, contain secondary accounts of relevant facts by third parties embodying substantial hearsay attributed to Paulino. The Court finds the statements of Paulino, Soto and Guava unpersuasive. The reliability and credibility of their statements are undermined by several inconsistencies they contain, and by the extent to which they contradict Paulino's own testimony given under oath at his guilty plea allocution and sentencing. For example, on those occasions, Paulino affirmed before this Court, contrary to what Soto and Guava allege Paulino said to them, that he was satisfied with Seidler as his attorney and with Seidler's representation of him; that he understood the Plea Agreement and accepted to be bound by its terms, which included the stipulated Sentencing Guidelines range of 262 to 327 months, and that he knowingly and voluntarily waived particular rights, including the right to appeal a sentence within or below the Guidelines range.

Accordingly, weighing the record before it, the Court is not persuaded that Paulino made the request he claims he made to Seidler instructing him to file a notice of appeal on Paulino's behalf. The Court further concludes that Paulino's waiver of his right to appeal was made "knowingly, voluntarily, and competently." *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir.2000). Morever, Paulino makes no claims, nor is there evidence supporting any such finding, that the Government breached the Plea Agreement, that the sentence imposed was based on constitutionally impermissible facts, or that the Court failed to enunciate any rationale for Paulino's sentence. *See id.*

## B. *STATUTE OF LIMITATIONS*

■ In pertinent part, § 2255 prescribes a limitations period of one-year which begins to run from the later of the date on which the defendant's judgment of

conviction becomes final, or the date when the facts supporting the claim presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255.

Here, Paulino's conviction was adjudged by this Court on October 10, 2003 and became final when the judgment was entered on October 30, 2003. Paulino's Petition was filed with this Court on June 23, 2006, approximately 32 months later. Paulino asserts, however, that it was not until March 2006, that he discovered that Seidler had not filed a notice of appeal on his behalf. One year prior to the date of filing the Petition would have commenced in June 2005, more than 19 months after the date Paulino's final judgment of conviction was entered. Paulino offers no convincing explanation for allowing such a long period to elapse before ascertaining that no appeal had been filed, nor does he present persuasive evidence that he exercised due diligence to discover that in fact no appeal had ever been filed during that lengthy period of time. In fact, his own statements and the affidavits of Soto and Guava present conflicting accounts under any plausible reading of which Paulino's delay in commencing this action would be unreasonable.

Soto claims that after Paulino's sentencing, presumably sometime on or about October 10, 2003, she endeavored to call Seidler "to ensure that [Paulino's] appeal would be filed." (Soto Aff. ¶ 3.) She then states that "[a]pproximately 18 months later," Paulino asked her to call the Court of Appeals to check on the status of the proceeding and that she then informed Paulino that no appeal had been filed. On this timetable, the 18 months Soto refers to would place the date when Paulino learned of the absence of an appeal on or about April, 2005, about 14 months prior to his submitting the Petition. Guava, on the other hand, whose Affidavit is dated May 25, 2006, affirms that Paulino "recently" asked her to call the Court of Appeals, and then informed Paulino that no appeal had been filed. Hence, according to Guava's version, Paulino waited nearly 31 months after the judgment to make inquiry concerning his purported appeal.

Moreover, Soto states that during Paulino's criminal proceedings she "stayed in close contact" with Paulino, mainly by telephone. (Soto Aff. ¶ 2). Guava similarly affirms that during that period Paulino called her from prison "almost daily" to discuss his case. (Guava Aff. ¶ 1.) These statements suggesting Paulino's active communication with his sisters about his case at that time do not square with his waiting either 18 or 31 months to express interest in the status of the filing of the appeal he claims he requested. Under either account, Paulino's failure to inquire earlier, and to commence his Petition when he had reasonable basis to know that no appeal had been filed, makes the Petition untimely.

On this record, the Court accordingly concludes that even if Paulino had requested his counsel to file an appeal and that his attorney failed to do so, Paulino has not met his burden of establishing that he exercised due diligence in subsequently filing the Petition.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition of petitioner Miguelo Paulino for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED.

**SO ORDERED.**