**Pedro MORETA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 08 Civ. 8022(VM).

United States District Court, S.D. New York.

March 17, 2009.

Pedro Moreta, White Deer, PA, pro se.

Joan M. Loughnane, U.S. Attorney's Office, New York, NY, for Respondent.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

### I. *BACKGROUND*

Petitioner Pedro Moreta ("Moreta") brought this action pursuant to 28 U.S.C. § 2255 (" § 2255") (the "Petition") seeking to vacate, set aside or correct his sentence. Moreta contends that he was denied effective assistance of counsel because his attorney, Ronald L. Garnett ("Garnett"), failed: (1) to file an appeal upon request; and (2) to challenge at sentencing, and later to appeal, the enhancements under the United States Sentencing Guidelines

§ 2B3.1 and 2K2.4. (Petition at 5.) The Government opposes the Petition.

On August 24, 2006, after having entered into a plea agreement with the Government, Moreta pleaded guilty to a three-count Information. One of the terms of the plea agreement required that Moreta waive his right to appeal any sentence at or below a stipulated sentencing guidelines range of 219 to 252 months of incarceration. At the plea, Moreta told the Court that he understood the waiver provision of the plea agreement. (*See* Affidavit of Ronald L. Garnett, dated February 6, 2009 ("Garnett Aff."), Ex. B at 35.) On August 16, 2007, the Court sentenced Moreta to a term of incarceration of 144 months, which is 75 months less than the bottom of the guidelines range to which Moreta stipulated. At sentencing, the Court informed Moreta of his right to appeal. (*Id.*, Ex. C at 14.)

Garnett has submitted an affidavit to the Court stating that he has reviewed his entire file on the case and is fully familiar with the facts and circumstances at issue. (*See* Garnett Aff. ¶¶ 2, 4.) Garnett represented Moreta from the date of his appointment, January 10, 2005, until at least August 16, 2007. (*Id.* ¶ 1.) During the course of his representation, Garnett met with Moreta on at least eighteen occasions, accompanied by a Spanish interpreter. (*Id.* ¶ 6.) Garnett submits that he "advised Mr. Moreta of his rights at each and every phase of the proceedings during conferences with him with the services of interpreters. This advice included his right to appeal his sentence." (*Id.* ¶ 9.) Further, Garnett submits that "[a]t no time, before his sentence or thereafter, did Mr. Moreta inform counsel that he wished to appeal his sentence." (*Id.* ¶ 10.)

The Court finds Garnett's sworn statement that Moreta never informed him of a wish to appeal his sentence to be credible. In addition, the circumstances surrounding Moreta's sentence—particularly that Moreta's sentence was more than six years below the bottom of the range to which he had stipulated—render Moreta's uncorroborated assertions that he instructed Garnett to appeal as highly unlikely. Finally, the plea agreement into which Moreta entered specifically precluded Moreta from appealing a sentence at or below the stipulated guidelines range, and Moreta confirmed his understanding of this provision to the Court at his plea. *See United States v. Difeaux*, 163 F.3d 725, 728 (2d Cir.1998) ("A defendant who knowingly and voluntarily enters into a plea agreement containing a waiver of appeal rights and obtains the benefits of such an agreement is bound by the waiver provision.").

The Second Circuit has clearly articulated that it is within a district court's discretion to deny a § 2255 petition without a testimonial hearing if "allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) (*quoting Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)); *see also Campusano v. United States*, 442 F.3d 770, 776 (2d Cir.2006) ("the district court has discretion to determine if a testimonial hearing will be conducted"). Given Garnett's credible affidavit, the waiver of appeal in the plea agreement, and the factual circumstances of the case, the Court denies Moreta's petition without the aid of a testimonial hearing, as other courts in this Circuit have done in similar circumstances. *See, e.g., Nicholson v. United States*, 566 F.Supp.2d 300 (S.D.N.Y.2008); *Davila–Bajana v. United States*, No. 01 Civ. 7329, 2002 WL 2022646, at *4 (E.D.N.Y. June 26, 2002) (finding testimonial hearing unnecessary based, in part, on attorney's affidavit contradicting petitioner's account and the "extreme unlike-

lihood" that petitioner would appeal a conviction that reduced a 155–188 month sentence to 60 months); *Adama v. United States,* No. 01 Civ. 5539, 2001 WL 1568809, at *1 (S.D.N.Y. Dec. 7, 2001) (denying § 2255 petition without a testimonial hearing based on attorney's affidavit and plea agreement's express preclusion of an appeal of a sentence below the stipulated guidelines range).

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition of Pedro Moreta ("Moreta") (Docket No. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

As Moreta has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**SO ORDERED.**