United States v. Durham

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
            GUIDO CALABRESI,
            ROSEMARY S. POOLER,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                    10-3299

SPENCER B. DURHAM,
        <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Paúl Camarena, North & Sedgwick,
                           L.L.C., Chicago, Ill.

FOR APPELLEE:              Eugenia A.P. Cowles, Gregory L.
                           Waples, Assistant United States
                           Attorneys, <u>for</u> Tristram J.

1

Coffin, United States Attorney for the District of Vermont, Burlington, Vt.

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Spencer Durham appeals the denial of his motion, filed pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence for obstruction of mail. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"A defendant claiming ineffective assistance must (1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' . . . and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 688, 693 (1984)). "[A] lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable . . . ." Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). Durham's counsel did not file a notice of appeal despite Durham's timely request.

However, after the deadline to file such a notice passed, but at a time when his counsel could still have filed a motion for an extension, Fed. R. App. P. 4(b)(4), Durham withdrew his request. Accordingly, Durham is not entitled to relief. Cf. Campusano, 442 F.3d at 773 ("[W]here counsel's error leads to 'the forfeiture of a proceeding itself,' prejudice will be presumed." (quoting Flores-Ortega, 528 U.S. at 483-84)).

Finding no merit in Durham's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK