15-4179-cr
United States v. Mitchell

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of February, two thousand nineteen.

Present:    ROSEMARY S. POOLER,
            REENA RAGGI,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                    15-4179-cr

JOSEPH MITCHELL, a/k/a BLACKOUT, a/k/a BLACK, a/k/a JAH,

                    *Defendant-Appellant*.[1]

---

Appearing for Appellant:     David R. Morabito, East Rochester, NY.

Appearing for Appellee:      Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from an order the United States District Court for the Western District of New York (Geraci, *C.J.*).

---

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is AFFIRMED and the case is REMANDED for further proceedings.

Appellant Joseph Mitchell appeals from the December 23, 2015, order of the United States District Court for the Western District of New York (Geraci, *C.J.*), which denied Mitchell's petition for writ of habeas corpus vacating his conviction due to ineffective assistance of counsel in so far as the petition concerned his attorney's failure to file an appeal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On March 28, 2013, Mitchell entered into a plea agreement via which he waived his right to appeal any component of a sentence that fell within the Guidelines range and to collaterally attack such a sentence if unknown facts or a change in the law would justify a lower sentence. The Guidelines range for the charges to which Mitchell pled guilty was 270 to 322 months. The district court subsequently sentenced Mitchell principally to a term of imprisonment of 300 months, a within-Guidelines sentence.

Mitchell has since claimed that he repeatedly asked his counsel, Paul MacAulay, to file a notice of appeal on his behalf and that MacAulay failed to do so. In September of 2013, Mitchell filed a pro se motion seeking additional time to file an appeal due to MacAulay's failure to file an appeal, which the district court denied after finding it lacked jurisdiction to grant the extension. Mitchell appealed that decision, and this Court remanded the case to the district court, instructing (1) that Mitchell's motion for an extension of time should be construed as a motion under 28 U.S.C. § 2555 based on ineffective assistance of counsel and (2) that the district court should hold an evidentiary hearing pursuant to *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006), to determine whether Mitchell asked his attorney to file a notice of appeal. In so ruling, this Court expressly stated that such a section 2255 petition would not bar a later section 2255 motion challenging the conviction itself.

The district court subsequently held an evidentiary hearing to determine whether Mitchell had asked his attorney to file a notice of appeal. At the hearing, Mitchell, his sister, his mother, and his father testified. The government also called one witness—attorney MacAulay. At the conclusion of the hearing, the district court noted that the question of whether Mitchell requested that MacAulay file a notice of appeal ultimately turned on an assessment of the witnesses' credibility. Finding that Mitchell and his family members were not credible, the district court denied Mitchell's motion to vacate the judgment against him and to file a late appeal. Mitchell appeals that order.

In *Roe v. Flores-Ortega*, the Supreme Court reiterated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. 470, 477 (2000).[2] Where counsel's error in this regard

---

[2] The holding of *Flores-Ortega* was not this well-established principle but "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular

2

leads to "the forfeiture of a proceeding itself," a court will presume prejudice. *Id.* at 483-84. In *Campusano v. United States*, we therefore held that, even if a client has signed a plea agreement waiving his appellate rights, "where counsel does not file a requested notice of appeal and fails to file an adequate *Anders* brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review." 442 F.3d at 775. As in the present case, the Court in *Campusano* remanded the matter for an evidentiary hearing without assessing the merits of the appeal to determine whether Campusano had asked his attorney to file an appeal, with instructions that if Campusano did, he was entitled to a direct appeal. *Id.* at 777.

We review the district court's factual findings at an evidentiary hearing pursuant to *Campusano* for clear error. *See United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007). We conclude that the district court did not commit clear error in finding that Mitchell did not ask MacAulay to file an appeal. The district court based its conclusion on its finding that Mitchell and his family members were not credible. The testimony does not belie this determination.

At the hearing, Mitchell's sister, Natoya Mitchell, testified that she sent emails to MacAulay regarding "the conversation that the judge had as it relates to notice to appeal and the whole process of filing an appeal." Special App'x at 7. But none of Natoya Mitchell's emails with MacAulay referenced filing an appeal—the emails referenced only Natoya Mitchell's request for the transcripts to confirm a statement of the district court. Special App'x at 11. Meanwhile, Mitchell's mother, Mary Peoples, struggled to recall details of her conversations with MacAulay. Special App'x at 16. On direct, she stated that MacAulay said he would file an appeal in Mitchell's case but on cross-examination testified that she did not remember MacAulay's response. *Compare* Special App'x at 17 ("His response was he would do—he would file the appeal, but how soon he didn't say."), *with* Special App'x at 21 ("Q: And what again did Mr. MacAulay tell you when you told him that you needed to file an appeal? A: I'm trying to remember. I don't remember."). Mitchell himself gave inconsistent testimony. He first testified that he had discussed appealing with MacAulay "a few days before [sentencing], the day [of the sentencing], and after." Special App'x at 38. But just moments later he testified that he did not have any conversations with MacAulay after sentencing about filing an appeal. Special App'x at 38. Moreover, Mitchell waffled over what precisely he wanted to appeal. He first said he told MacAulay he "would definitely want to appeal the sentence." Special App'x at 45. He amended this statement, testifying that he wanted to "appeal under ineffective assistance." Special App'x at 46. He later flipped again, testifying that he wanted to appeal "any future change in the law." Special App'x at 49.[3]

---

defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. Though Mitchell's testimony raises the question of whether MacAulay consulted with him about an appeal, Mitchell has not raised such a claim on this appeal, and we therefore do not apply the holding of *Flores-Ortega* to this appeal.

[3] It is unclear from Mitchell's testimony if he wanted to appeal his conviction based on a future change in the law or if he wanted to appeal the fact that his plea agreement contained a provision waiving his right to appeal a future change in the law. When Mitchell made this statement, he was expressing dissatisfaction with the inclusion of the waiver provision in his plea agreement, indicating he might have intended the latter. Either interpretation of his statement would be inconsistent with his first two proffered reasons for appealing.

These excerpts of the testimony at the *Campusano* hearing provide sufficient reason for the district court to question the witnesses' credibility. Certainly, we are not "left with the definite and firm conviction that a mistake has been committed." *United States v. Yu*, 285 F.3d 192, 199 (2d Cir. 2002) (internal quotation marks omitted). Because the district court did not commit clear error in finding that Mitchell had not directed MacAulay to file an appeal on his behalf, we affirm its denial of Mitchell's application to file a late notice of appeal.

Although the district court's order denied only the portion of Mitchell's motion "challeng[ing] his conviction based upon the alleged failure by his former counsel to file a notice of appeal," it is unclear if the district court's ruling denying Mitchell's "application in all respects" included a denial of the new claims that Mitchell raised in the section 2255 petition that he filed after this Court remanded his case. Decision & Order, *United States v. Mitchell*, No. 11-cr-6019-FPG (W.D.N.Y. Dec. 23, 2015), ECF No. 151. Nothing in this record provides the district court with reason to deny Mitchell's additional claims. Accordingly, we remand for the district court to either address Mitchell's additional section 2255 claims or clarify the basis for rejecting those claims.

We have considered the remainder of Mitchell's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk