20-3404-pr
*Brown v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

KENYA BROWN,

> *Petitioner-Appellant*,

v.                                                                    20-3404-pr

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

---

| | |
|---|---|
| For Petitioner-Appellant: | ANDREW M. ST. LAURENT (Harris, St. Laurent & Wechsler LLP), New York, NY. |
| For Respondent-Appellee: | TIFFANY H. LEE, Assistant United States Attorney (for Trini E. Ross, United States Attorney, Western District of New York), Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Petitioner-Appellant Kenya Brown appeals from a judgment of the United States District Court denying his *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Brown, who pled guilty pursuant to a plea agreement to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and possessing a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c), argues that he received constitutionally deficient representation when sentenced on December 28, 2016 to 248 months' imprisonment with a five-year term of supervised release to follow—a sentence on the low-end of the Guidelines range. The district court denied Brown's request for a certificate of appealability but we granted a certificate pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b), limited to the issue of "whether the district court correctly denied [Brown's] 28 U.S.C. § 2255 motion . . . without a hearing or affidavit from his defense counsel at sentencing, Joseph S. Damelio, responding to [Brown's] claim that Damelio failed to file a direct appeal after [Brown] requested him to do so." App'x 115. For the reasons stated herein, we vacate the district court's judgment summarily denying Brown's petition and remand for further proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Brown's *pro se* petition, filed on January 8, 2018, alleged six grounds for relief, only one of which is relevant to the present appeal: that Brown was denied effective assistance of counsel

2

with regard to post-sentencing proceedings due to his counsel's failure to "consult with Mr. Brown on the consequences of not filing a direct appeal," and further stating that Brown would have appealed had he understood the consequences. App'x 49. Following submission of the government's response to Brown's petition, Brown filed a traverse on June 4, 2018 reiterating the position that Brown's counsel failed to advise him adequately on his right to appeal. *Id.* at 86.

Over a year later, without the permission of the district court, Brown filed a one-page affidavit, dated August 16, 2019, in which he attested to having "clearly stated [his] desire to appeal and requested that Mr. Damelio file a notice of appeal on [his] behalf." *Id.* at 90. The district court denied the petition without holding a full evidentiary hearing or ordering any supplemental affidavits and entered final judgment, concluding, in relevant part, that Brown's August 2019 contention that he asked Damelio to file a notice of appeal was not credible in light of its apparent inconsistency with Brown's earlier contention that he would have appealed if properly advised, as well as the fact that Brown both waived his right to appeal and acknowledged that waiver in open court during his plea proceeding.

Under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255(b). Applying this standard, the district court must "determine[] whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). Where, as here, "the district court denied any form of an evidentiary hearing, our review of the district court's denial of a hearing is for clear error as to

3

issues of fact, such as a district court's determination that the record precludes the claim, and *de novo* for issues of law." *Id.* at 215.

A counsel's post-sentencing performance is constitutionally deficient if his or her "performance costs a defendant an appeal that the defendant would have otherwise pursued," *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019). Accordingly, an "attorney who fails to file a notice of appeal requested by his client is constitutionally ineffective" even "when the client waived appeal in his plea agreement" and even when the attorney "believes the requested appeal would be frivolous." *Campusano v. United States*, 442 F.3d 770, 771-72 (2d Cir. 2006). In such cases, prejudice will always be presumed. *Id.* at 773; *Garza*, 139 S. Ct. at 742.

We have explained that a defendant's request to file an appeal generally "involves off-the-record interactions with his trial counsel and therefore cannot be determined by examining the motion, files, and records before the district court"—that is, without further supplement of the record. *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001). We have noted that "[w]hen a defendant claims that his attorney failed to file a requested notice of appeal," this will often lead to "a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal." *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006).

While Brown's statements may have been inconsistent, the record does not conclusively show that he is not entitled to any relief. Rather, the record is inconclusive as to whether Brown directed his counsel to file a notice of appeal. In his motion, Brown implied that he did not request an appeal when he stated that he "would have appealed" had he been fully informed. App'x 49. In his affidavit, Brown stated that he expressly requested an appeal. These statements might be reconcilable with additional context, or one or both accounts may turn out to be false. But we do not believe that the record is conclusive on that point. The district court

4

accordingly committed clear error when it summarily denied Brown's § 2255 motion on the basis of Brown's inconsistent statements without holding a testimonial hearing or, in the alternative, ordering a more limited method of supplementing the evidentiary record, such as directing Brown's sentencing counsel to submit a responsive affidavit.

*    *    *

For the foregoing reasons, we **VACATE** the district court's order and **REMAND** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
