Ostap **KAPELIOUJNYI**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 08–CV–2414 (JS).

United States District Court,
E.D. New York.

July 29, 2009.

Ostap Kapelioujnyi, Milan, NM, pro se.

Winston Y. Chan, Esq., United States Attorneys Office, Brooklyn, NY, for Respondent.

## MEMORANDUM & ORDER

SEYBERT, District Judge:

On June 16, 2008, Ostap Kapelioujnyi ("Petitioner"), proceeding *pro se*, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. Section 2255, which he amended on September 2, 2008. Petitioner maintains that he was denied effective assistance of counsel by his trial counsel, Frederick H. Cohn ("Cohn"). For the reasons stated below, Petitioner's application is DENIED.

## BACKGROUND

On March 8, 2006, Petitioner was arrested for unlawful participation in the Greenpoint Crew, an international criminal enterprise. On December 7, 2006, Petitioner pled guilty to one count of a violation of 18 U.S.C.1962, charging Racketeering with two predicate acts. Under the Plea Agreement with Respondent, Petitioner agreed that he would "not file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment

of 78 months or below." (Plea Agreement ¶ 4.)

During his plea allocution, the Court thoroughly questioned Petitioner to ensure that his plea of guilty complied with the requirements of Federal Rule of Criminal Procedure 11.[1] The Court also ensured Petitioner's satisfaction with defense counsel both during the plea allocution[2] and sentencing.[3]

On June 11, 2007, this Court sentenced Petitioner to a term of sixty-eight months' imprisonment, three years' supervised release and a $100 special assessment.

In June of 2008, Petitioner, proceeding *pro* se, filed a Petition arguing that his sentence should be vacated because he was denied effective assistance of counsel because Cohn failed to (1) object to the sentencing enhancements, (2) seek "safety valve" relief, (3) request a downward departure, and (4) file a direct appeal.

## DISCUSSION

I. *Petitioner Waived his Right to Challenge Ineffective Assistance of Counsel at the Plea*

 Under his Plea Agreement with the Government, Petitioner stipulated that he would not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposed a term of imprisonment of seventy-eight months or below. (Plea Agreement 4); (Tr. Pleading Dec. 11, 2006 8–9.) "In general, a defendant's knowing and voluntary waiver of his right to appeal or challenge a sentence within an agreed guideline range is enforceable." *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir.1997).

However, the Second Circuit has held that there are certain situations in which a defendant may seek review of a sentence notwithstanding the existence of a waiver pursuant to a plea agreement. Such instances include: "1) the arbitrary practice of sentencing without [proffered] reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus, . . . 2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . . ; and 3) the arguably unconstitutional consideration of naturalized status." *See id.* at 98 (internal quotation marks and citations omitted); *see also United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir.1994). "The same principle[s] appl[y] to a waiver of a right to file a

1. The Court: And you understand that Mr. Cohn may represent you at trial. You have a right to go to trial.... And it is the government's burden to prove your guilt beyond a reasonable doubt to . . . all [of] the charges alleged here. Do you understand that.

 The Defendant: Yes, I do.
 The Court: You don't have to prove that you are innocent, and we are ready to go to trial next year. Do you understand that?
 The Defendant: Yes.
 The Court: However, if you plead guilty there is no longer any issue as to whether or not you committed the crime. You are admitting that you committed this crime and you will not go to trial.
 The Defendant: Yes.
 * * * * * *

The Court: And you also understand that you cannot file an appeal if I sentence you to a term of 78 months or less.
The Defendant: Yes, I do your Honor.
(Tr. Pleading Dec. 7, 2006 6–8.)

2. The Court: Satisfied with your attorney?
 The Defendant: Yes, pretty much.
 (Tr. Pleading Dec. 7, 2006 6).

3. The Court: And you've had an opportunity to talk to can your lawyer, Mr. Cohn, regarding your sentence, of course?
 The Defendant: Yes.
 (Tr. Sentencing June 11, 2007 3).
 The Court: And are you satisfied with the services of your attorney regarding this case?
 The Defendant: I am.
 (*Id.* at 4).

section 2255 petition." *Garcia v. United States,* No. 04–CV–6020, 2008 WL 683661, at *3, 2008 U.S. Dist. LEXIS 19438, at *8 (S.D.N.Y. Mar. 14, 2008).

Here, the Court finds that Petitioner knowingly and voluntarily waived his right to appeal and to file a Section 2255 petition. Thus, Petitioner may vacate his sentence only on limited grounds. With the exception of Petitioner's claim that he received ineffective assistance of counsel because his attorney failed to file a direct appeal, Petitioner's claims have been waived.

## II. *Failure to File an Appeal*

 It is settled that "ineffective assistance may be found when a defendant has pled guilty and waived the right to appeal, then later directs counsel to appeal, but counsel does not appeal." *Garcia v. United States,* No. 06–CV–7821, 2007 WL 1295726, at *2, 2007 U.S. Dist. LEXIS 31230, at *4 (S.D.N.Y. Apr. 26, 2007) (*citing Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). Counsel will be deemed ineffective if he failed to file an appeal after receiving a "specific instruction" from his client to do so. *Campusano v. United States,* 442 F.3d 770, 773 (2d Cir.2006) (*citing Flores–Ortega,* 528 U.S. at 477, 120 S.Ct. at 1035); *see United States v. Moreno–Rivera,* 472 F.3d 49, 52 (2d Cir.2006) ("What matters for purposes of that claim is whether Moreno–Rivera's trial counsel 'fail[ed] to file a *requested* appeal") (emphasis in original, citation omitted).

 "Although the district court is required to engage in fact-finding to determine if an appeal was requested, *Campusano* specifically recognizes that 'the district court has discretion to determine if a testimonial hearing will be conducted' in order to make this finding." *Lopez v. United States,* No. 03–CR–317, U.S. Dist.

2006 WL 2020389 at *3 (S.D.N.Y. July 12, 2006) (*quoting Campusano,* 442 F.3d at 776). The district court is permitted to expand the record to include affidavits or other written submissions in order to decide disputed facts. *Chang v. United States,* 250 F.3d 79, 86 (2d Cir.2001). The court is not required to hold a hearing where both parties have filed affidavits and thus "the testimony of [petitioner] and his trial counsel would add little or nothing to the written submissions." *Id.*

 The Court has reviewed the records and finds that an evidentiary hearing is not necessary to determine whether Petitioner directed his counsel to file a direct appeal. Defense counsel has submitted an affidavit averring, "I have no recollection that petitioner directed me to file an appeal of his case … It has long been my practice and policy to file an appeal in the event a client asks me to do so, even if it is against my advice." (Cohn Aff. ¶¶ 4–5 Nov. 25, 2008.)

On the other hand, Petitioner does not assert that he specifically instructed Cohn to file an appeal; Petitioner states that he "expressed interest" [sic] in an appeal. (Kapelioujnyi Aff. ¶ 20 June 11, 2008.) This conclusory assertion, void of details concerning dates or location, is insufficient for the Court to find that Petitioner specifically requested his attorney to file an appeal. *See Garcia v. United States,* No. 04–CV–6019, 2008 WL 821816, at *3, 2008 U.S. Dist. LEXIS 24821, at *9–10 (S.D.N.Y. March 28, 2008) ("Nevertheless, the petitioner's claim fails because he is unable to establish that he in fact asked his lawyer to file an appeal … The petitioner has not supplied any detail regarding when or on what basis he would have requested [counsel] to prepare an appeal. He only asserts in conclusory terms that he 'instructed counsel to file an appeal.' ") (citations omitted).

Moreover, Petitioner filed a lengthy and detailed "motion for summary judgment" which does not provide further details as to how or when Petitioner instructed counsel to file an appeal. Rather, Petitioner refers to the issue of whether he instructed counsel to file an appeal as "immaterial." Petitioner states,

> Mr. Cohn's Affidavit created factual dispute by stating 'I have no recollection that [Movant] directed me to file an appeal of this case'.... However, no controversy exists regarding the other statutory offense elements.... Consequently, even if the Court rules that Mr. Cohn's Affidavit gives rise to a 'genuine issue,' the Court still must grant summary judgment in Movant's favor as this dispute is immaterial and cannot affect the outcome of the Section 2255 proceeding.

(Mt. Summary Judgment VI.)

Petitioner had an opportunity to provide details and support his claim that he requested his counsel to file an appeal, yet Petitioner failed to do so. "In such circumstances, the Court may conclude, without holding a testimonial hearing, that no such request was made." *Garcia,* 2008 WL 821816, at *9, 2008 U.S. Dist. LEXIS 24821, at *10; *see also Riggi v. United States,* No. 04–CV–7852, 2007 U.S. Dist. WL 1933934, at *8 (S.D.N.Y. July 5, 2007) (declining to hold evidentiary hearing and finding that counsel's affidavit was more credulous given the fact that "[petitioner] ... said only in the most conclusory terms that he instructed his counsel to file a notice of appeal. He [did] not give the dates or locations of any conversations with [his former counsel] or detail the nature of such conversations—including why he thought he would have the right to appeal given the fact that he had waived any such right."); *Rivera v. United States,*

No. 06–CV–14421, 2007 WL 1953430, at *8–10 (S.D.N.Y. July 6, 2007).

Considering the circumstances of this case, and the Court's discretion regarding whether to hold a hearing, the Court finds that a hearing is not warranted. The Court has reviewed all of Petitioner's submissions and Cohn's affidavit stating that he has no recollection of petitioner directing him to file an appeal, and that it is Cohn's general practice to file an appeal when directed. The Court finds that based on the record and Petitioner's equivocal assertion, Petitioner has not shown that he directed Cohn to file an appeal.

### III. *Petitioner's Remaining Claims are Rejected*

Petitioner waived his right to raise the remaining claims in his Petition by entering into the Plea Agreement, and in addition, Petitioner's arguments are procedurally infirm because Petitioner did not raise his remaining claims on direct appeal. *See United States v. Pipitone,* 67 F.3d 34, 38 (2d Cir.1995). Finally, each of Petitioner's remaining claims lack merit.

### A. *Failure to Object to the Sentencing Enhancements*

█ Petitioner's claim that he received ineffective assistance because counsel failed to object to enhancements in Petitioner's sentence for aggravating role and victim loss is meritless. Petitioner has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

Stipulations made knowingly and voluntarily are enforceable. *United States v. Granik,* 386 F.3d 404, 411 (2d Cir.2004). Although stipulations are not binding, courts may rely on them "in finding facts relevant to sentencing." *Id.* To determine

the factual basis for the sentence, courts consider stipulations, the presentence investigation report ("PSR"), and other relevant information. U.S. SENTENCING GUIDELINES MANUAL § 6B1.4 cmt. (2008) ("U.S.S.G."). Here, the Petitioner knowingly and voluntarily stipulated to the enhancements in his plea agreement. (Plea Agreement 3); (Tr. Pleading Dec. 7, 2006 8–9.) Thus, the Court was within its discretion in considering the stipulations and the PSR, which both averred that Petitioner was an organizer of the conspiracy, (Plea Agreement 3); (Tr. Pleading Dec. 7, 2006 8–9); (PSR ¶ 45), and that the loss amount was over $50,000. (Plea Agreement 3); (Tr. Pleading Dec. 7, 2006 8–9); (PSR ¶ 61.)

Second, counsel's decision not to object to the enhancements may have been a strategic decision employed to secure the plea agreement.

> Like appellate waivers, factual stipulations are bargaining chips in the hands of defendants. Indeed, virtually every provision of a plea agreement—agreements not to argue for a downward or upward departure, to drop charges, to concede the defendant's role in the offense-is a bargaining chip in the hands of either the government or the defendant. Such bargaining chips can be exchanged for concessions from the other party only if they are enforceable. If defendants are not held to their factual stipulations, therefore, the government has no reason to make concessions in exchange for them.

*Granik,* 386 F.3d at 412–13.

B. *Failure to Seek "Safety Valve" Relief*

■ Petitioner's argument that his counsel should have sought an additional two-level reduction applicable to the narcotics racketeering charge, under the Safety Valve Provision of 18 U.S.C. Section 3553 and its implementing provision, U.S.S.G. Section 5C1.2, is also without merit.

"Section 5C1.2 of the Guidelines allows courts to sentence defendants beneath the mandatory minimum if the defendant meets the criteria of § 3553(f)." *Perez v. U.S.,* No. 00–CV–3435, 2009 WL 1606470, at *5 (E.D.N.Y. June 8, 2009). One requirement is that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . . ." U.S.S.G. § 5C1.2(a)(5).

Petitioner claims that defense counsel erroneously convinced Petitioner that he was not eligible for the safety valve relief. But, "[t]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984) (*quoting Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Petitioner has not provided any evidence to overcome the presumption that not pursuing safety valve relief was a strategic tactic.[4]

Additionally, Petitioner has not shown that there was a reasonable possibility that the result would have been different but for counsel's conduct; "[a]t no point does petitioner allege that he provided the government with [the] sort of information" that would entitle him to a safety valve reduction. *Garcia v. United States,* No. 06–CV–7821, 2007 WL 1295726, at *3 (S.D.N.Y. April 26, 2007), *aff'd,* 321 Fed. Appx. 90 (2d Cir.2009).

---

4. Moreover, Petitioner's Plea Agreement and sentence reflected that he was ineligible for the reduction because he was a leader/organizer. *See* 18 U.S.C. § 3553(f)(4).

### C. *Failure to Request a Downward Departure from the Advisory Sentencing Guidelines Range*

Petitioner's claim that he received ineffective assistance because of counsel's failure to request a downward departure from the advisory sentencing guidelines is rejected. First, Petitioner waived his right to "move for a downward departure with respect to the sentencing guidelines" in the plea agreement. (Plea Agreement 3). He also verbally agreed to this condition at the plea hearing.[5]

 Moreover, Petitioner cannot show prejudice as a result of counsel's conduct because Petitioner's counsel did, in fact, request a sentence below the guideline range, although counsel did not frame his request as a motion for a "downward departure." (Def.'s Sentencing Mem. 4–6); (Tr. Sentencing June 11, 2007 12–16.)[6] This Court, as the sentencing court, did consider these arguments when making its sentencing decision;[7] consequently, even if defense counsel had specifically requested a downward departure, the outcome of the proceeding would not have changed.

### *CONCLUSION*

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2255 is DENIED.

Pursuant to Fed. R. App. Pro. 22(b) and 28 U.S.C. Section 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to mark this matter closed and terminate all pending motions.

SO ORDERED.

---

5. The Court: You are also agreeing according to this plea agreement not to move for a downward departure with respect to the sentencing guidelines. In other words, you are stipulating this is an accurate guideline assessment, the level 26. You understand that?

The Defendant: A level 25, I believe.
The Court: Well, 25 if you get the additional level for early acceptance . . .
The Defendant: Yes, I do.
(Tr. Pleading Dec. 7, 2006 8–9).

6. "Your Honor, I mean although I did talk in terms of departures in case you accepted the probation department's guidelines, we've waived departures. But you still have available to you the—a reasonable sentence which could be less than the advisory guidelines, and we respectfully suggest that under the circumstances here they ought to be." (Tr. Sentencing June 11, 2007 11–12.)

7. The Court: With regard to the findings of the Court and this defendant's history—while I sympathize that his mother is in serious condition and I can certainly appreciate that this is a person who really is intelligent, has tremendous potential, I also have to take into account very serious offenses that were committed here and there were a number of them.

(Tr. Sentencing June 11, 2007 21–22).