09-3430-pr
Ostap Kapelioujnyi v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of May, two thousand and eleven.**

PRESENT:

JOSÉ A. CABRANES,
REENA RAGGI,
            *Circuit Judges,*
JANE A. RESTANI,
            *Judge.**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OSTAP KAPELIOUJNYI,

            *Petitioner-Appellant,*


v.                                                            No. 09-3430-pr


UNITED STATES OF AMERICA,

            *Respondent-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


---

\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

**FOR PETITIONER-APPELLANT:**     JANE S. MEYERS, Brooklyn, NY.

**FOR RESPONDENT-APPELLEE:**     WINSTON Y. CHAN, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, *on the brief,* Emily Berger, Assistant United States Attorney, *of counsel* ), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner-appellant Ostap Kapelioujnyi ("petitioner") appeals from a July 29, 2009 Memorandum and Order of the District Court, denying his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to racketeering, in violation of 18 U.S.C. § 1962(c) and was sentenced, principally, to 68 months in prison. Under the plea agreement, petitioner agreed "not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 78 months or below." A little over one year later, petitioner sought to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming that his representation had been constitutionally ineffective in not filing a direct appeal in violation of his request to do so. Our Court granted a Certificate of Appealability regarding, among other things, the question of whether the District Court "should have conducted an evidentiary hearing to determine if petitioner instructed his attorney to file a notice of appeal." We assume the parties' familiarity with the facts and procedural history of this case and the issues raised on appeal.

We review a district court's denial of a hearing under 28 U.S.C. § 2255 for abuse of discretion, and any factual findings are reviewed for clear error. *See Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Anderson v. City of Bessemer City*, 470 U.S. 564, 574-75 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the

court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

For substantially the same reasons stated by the District Court in its careful Memorandum and Order, *Ostap Kapelioujnyi v. United States of America*, 08-CV-2414 (JS), 2009 WL 7868860 (E.D.N.Y. July 29, 2009), we hold that the District Court did not clearly err, much less abuse its discretion, in declining to hold an evidentiary hearing before dismissing the habeas petition. Specifically, contrary to petitioner's contention that his attorney failed to consult with him regarding appeal, petitioner's own affidavit states that, after petitioner "expressed interest" in appealing, his counsel explained that petitioner had waived his appeal rights and that the sentence was within the plea agreement's stipulated Guidelines range. Petitioner does not aver that he expressed any further interest in appealing after hearing this advice. Under these circumstances, we identify no abuse of discretion in the District Court's denial of a hearing because the record demonstrates that counsel consulted sufficiently with petitioner regarding appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (stating that "consult" requires advising client regarding "advantages and disadvantages" of appeal and "making a reasonable effort to discover" client's wishes). Accordingly, we affirm the judgment disposing of all claims.

## **CONCLUSION**

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3