**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-6960**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DINARLDO MATTHEWS, a/k/a Kasheem Allah, a/k/a
Ki,

Defendant - Appellant.

**No. 05-7532**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DINARLDO MATTHEWS,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge. (CR-00-213; CA-05-339)

Submitted: April 11, 2007        Decided: July 9, 2007

Before WILKINSON, KING, and GREGORY, Circuit Judges.

No. 05-6960, affirmed; No. 05-7532, vacated and remanded, by unpublished per curiam opinion.

Dinarldo Matthews, Appellant Pro Se.  Kevin Michael Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dinarldo Matthews appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion (No. 05-7532), and his motion for reconsideration under Fed. R. Civ. P. 60 (No. 05-6960).[1] In No. 05-6960, we affirm the district court's denial of Matthews' Fed. R. Civ. P. 60 motion for the reasons stated by the district court. See United States v. Matthews, No. 2:00-cr-00213 (E.D. Va. Apr. 13, 2005). We previously granted a certificate of appealability in No. 05-7532 on a single claim of ineffective assistance of counsel, in which Matthews alleged that he was denied the right to a direct appeal when counsel failed to comply with his request to file a notice of appeal. For the reasons that follow, we now vacate the district court's order to the extent that it denied relief on this claim and remand for further proceedings.

Matthews pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin and cocaine, and was sentenced to 225 months' imprisonment. He did not appeal. In his § 2255 motion, which was sworn and verified in

---

[1]Matthews has filed a Motion for Clarification regarding the court's decision to consolidate these appeals. In that motion, Matthews expresses concern that the court might apply the certificate of appealability standard, 28 U.S.C. § 2253(c)(2) (2000), to appeal No. 05-6960. We grant the Motion for Clarification and explain that the court has not held the appeal in No. 05-6960 to the certificate of appealability standard set forth in § 2253(c)(2).

compliance with 28 U.S.C. § 1746 (2000), Matthews claimed that after the sentencing hearing he asked his counsel to file a notice of appeal, and his attorney agreed to do so. Matthews's counsel, however, stated in an affidavit filed by the Government that Matthews never asked him to file an appeal.

In United States v. Peak, 992 F.2d 39, 41 (4th Cir. 1993), this court held that the Sixth Amendment obligates counsel to file an appeal when his client requests him to do so. Failure to note an appeal upon timely request constitutes ineffective assistance of counsel, regardless of the likelihood of success on the merits. Id. at 42. Counsel who consults with the defendant and fails to follow the defendant's express instructions to appeal performs in a professionally unreasonable manner. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing in open court mandatory. 28 U.S.C. § 2255; Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970); United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000).

In light of Matthews's claim, under penalty of perjury, that counsel failed to honor his request to file an appeal, and counsel's conflicting affidavit denying that Matthews asked him to note an appeal, we conclude there is a genuine issue of material fact concerning whether Matthews was denied effective assistance of

counsel.   Moreover, we disagree with the district court's conclusion that counsel is not obligated to file a requested notice of appeal when a defendant waives his right to appeal pursuant to a plea agreement.   See Camposano v. United States, 442 F.3d 770, 771-72 (2d Cir. 2006); Gomez-Diaz v. United States, 433 F.3d 788, 793-94 (11th Cir. 2005); United States v. Garrett, 402 F.3d 1262, 1266-67 (10th Cir. 2005).   Finally, because Matthews had ten days in which to decide whether to appeal, Fed. R. App. P. 4(b), we cannot agree with the district court's conclusion that Matthews was bound by his statement at sentencing that he did not plan to appeal.

Accordingly, we vacate that portion of the district court's order denying relief on this claim and remand for further proceedings.[2]   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 05-6960 - AFFIRMED;

No. 05-7532 - VACATED AND REMANDED

---

[2]By this disposition, we indicate no view as to the appropriate outcome of the proceedings on remand.

- 5 -