**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-7553**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DINARLDO MATTHEWS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.  (2:00-cr-00213-RGD)

Argued:  May 11, 2010                    Decided:  June 21, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Arenda Lauretta Allen, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.   Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.   **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Alexandria, Virginia, Kevin M. Comstock, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dinarldo Matthews appeals from an order of the district court denying his 28 U.S.C. § 2255 (2006) motion. Matthews contends that his trial counsel provided constitutionally ineffective representation in failing either to file a notice of appeal or consult with Matthews regarding an appeal after Matthews had pled guilty to drug charges. We affirm.

I.

Matthews pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin and cocaine. Matthews's plea agreement included an explicit waiver of his right to appeal. In exchange, the Government reduced the drug quantity for which Matthews was responsible and requested a smaller enhancement for Matthews's leadership role in the conspiracy. In accord with this agreement, Matthews's advisory sentencing range under the United States Sentencing Guidelines ("Guidelines") decreased from an initial range of 324 to 405 months' imprisonment to a new range of 210 to 262 months. Matthews ultimately received a prison sentence of 225 months. The district court then informed Matthews that notwithstanding his waiver of his right to appeal, he could still file a notice of appeal. Matthews told the court that he did not wish to appeal.

After his appeal period had expired, Matthews requested an extension of time in which to file an appeal. The district court denied this request. Matthews then filed this § 2255 motion, alleging that after the district judge left the courtroom at sentencing, Matthews instructed his trial counsel to file a notice of appeal. The district court denied Matthews's motion without holding an evidentiary hearing. This court granted a certificate of appealability, reversed, and remanded with instructions to hold a hearing. See United States v. Matthews, 239 F. App'x 806, 807 (4th Cir. 2007).

At the hearing, Matthews and his three sisters testified that, after being sentenced, Matthews told his trial counsel that he wished to appeal. Matthews further testified that prior to sentencing, he had expected to receive a sentence of ten years based on his plea agreement, and not a sentence of 225 months. Matthews and his sisters testified that they tried and failed to reach trial counsel to instruct him to file a notice of appeal.

Matthews's trial counsel testified to the contrary. He explained that he had seventeen years of experience in representing criminal defendants, and that he had, in the past, filed notices of appeal for clients who had waived their right to appeal. Counsel further testified that his practice was to keep notes and records of all court appearances, meetings, and

3

telephone calls with clients. These notes contained no mention of Matthews's request to appeal, and trial counsel, relying on the notes, testified that Matthews had not requested him to file a notice of appeal. Trial counsel also testified that had Matthews instructed him to appeal, he would have done so. Finally, counsel testified, again contrary to Matthews's assertion that counsel had been unreachable, that he had met with Matthews in prison several days after sentencing and that Matthews did not mention an appeal during that meeting.

The district court found that Matthews never requested that his trial counsel file a notice of appeal on his behalf. The court credited counsel's testimony given his years of experience and his copious notes detailing his interactions with Matthews. The court discredited the testimony of Matthews and his sisters because the sisters had difficulty remembering other details about the sentencing proceeding, and because it would have been illogical for Matthews to seek to appeal based both on his nearly contemporaneous statement to the court that he did not wish to appeal and on the terms of his plea agreement.

Matthews again appealed the district court's denial of his § 2255 motion. Noting that the conflict in the evidence rendered the district court's conclusion "debatable," we granted a certificate of appealability on the issue of "[w]hether the

district court committed clear error in finding that Matthews did not ask his attorney to file an appeal."

## II.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court established that defendants have a Sixth Amendment right to "reasonably effective" legal assistance. For a defendant to prove a violation of this right, he must show that his attorney's representation "fell below an objective standard of reasonableness," id. at 688, and that this failure prejudiced him, id. at 694.

On appeal, Matthews argues that his trial counsel was ineffective. He contends both that the district court clearly erred in finding that he did not request counsel to file a notice of appeal, and also that even if he did not instruct counsel to appeal, counsel was ineffective for failing to consult Matthews about whether Matthews wanted to appeal. We consider these contentions in turn.

### A.

When counsel fails to file a notice of appeal after receiving specific instructions from a defendant to do so, this constitutes a violation of the defendant's Sixth Amendment rights, regardless of whether the defendant is likely to prevail on appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

5

Thus, the sole question necessary to resolve Matthews's first contention is whether he did, in fact, instruct counsel to file a notice of appeal.

We reverse a district court's factual finding that a defendant did not instruct trial counsel to file a notice of appeal only if, after giving "due regard to the trial court's opportunity to judge the witnesses' credibility," we determine that the district court's finding is "clearly erroneous." Fed. R. Civ. P. 52(a)(6). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).

A district judge's credibility determinations deserve "even greater deference" than other factual findings. Id. at 575. When, as here, "a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Id.

Under this deferential standard, we cannot disturb the district court's finding that Matthews failed to request an

6

appeal. The district court credited an experienced and accomplished defense attorney who kept detailed written notes, rather than Matthews and his sisters, who offered self-serving, illogical, and incomplete testimony.

Moreover, no extrinsic evidence contradicted counsel's account. Indeed, all of the evidence supported it: Matthews had pled guilty, received a much lower sentence than he would have absent his plea agreement, and proclaimed in open court that he did not wish to appeal. Thus, the district court's finding that Matthews did not, minutes later, instruct his trial counsel to file a notice of appeal is not clearly erroneous.

B.

Matthews also argues that his counsel unreasonably failed to consult with him regarding an appeal.[*] When the defendant fails to give his attorney a clear instruction to appeal, the Supreme Court had held that a reviewing court must decide whether counsel nevertheless had a duty to consult with his

---

[*] The Government contends that this issue falls outside the scope of the certificate of appealability. However, as the Supreme Court noted in Flores-Ortega, whether counsel consulted with the defendant about appeal is an "antecedent" question that must be considered before a court can resolve whether counsel's failure to file a notice of appeal was reasonable under the circumstances. 528 U.S. at 478. Prior to oral argument, we ordered supplemental briefing on this issue. Because the parties have thus had an opportunity to brief and argue counsel's alleged duty to consult, the Government suffers no prejudice by having to address this antecedent issue.

client regarding an appeal. The Court has emphasized that "in the vast majority of cases," counsel has such a duty. Flores-Ortega, 528 U.S. at 481.

This duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. As the district court found, Matthews did not "reasonably demonstrate[]" an interest in appealing. Thus, his counsel had a duty to consult him only if a rational defendant in Matthews's position would wish to appeal. The record provides no support for such a conclusion.

Here, Matthews pled guilty to the offense, and in so doing expressly and voluntarily waived his right to appeal. As a result of that agreement, Matthews received a sentence nearly 100 months shorter than the bottom of his original Guidelines range. At oral argument before us, Matthews's appellate counsel conceded that Matthews would gain nothing from an appeal. In fact, because any appeal would breach his obligations under the favorable plea agreement, Matthews would likely have received a longer prison sentence if he chose to file a notice of appeal. Surely, no rational defendant would have chosen to appeal when

there was literally <u>no</u> upside -- and potentially a significant downside -- to doing so.

Accordingly, we hold that this constitutes one of the rare cases in which an attorney did not have a duty to consult with his client regarding an appeal.

III.

The judgment of the district court is

<u>AFFIRMED</u>.