FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM GEORGE DUFRIES,

            Petitioner - Appellant,

v.

JANE STANDIFIRD, Warden,

            Respondent - Appellee.

No. 11-6162
(D.C. No. 5:09-CV-00177-HE)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ** and **HOLMES**, Circuit Judges.

---

     William George Dufries, a prisoner in the custody of the State of

Oklahoma, seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2254 motion, which challenged the validity of

his state court conviction and sentence. Because we agree with the district court

that Mr. Dufries has not "made a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), we **deny** his request for a COA and

---

     [*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

**dismiss** this matter.

Mr. Dufries was tried by a jury and convicted, in state court, of trafficking in a controlled dangerous substance and he was sentenced to life in prison without the possibility of parole and a fine of $50,000. After unsuccessfully challenging his conviction and sentence in state court—through direct and collateral review—Mr. Dufries filed a petition for a writ of habeas corpus in the Western District of Oklahoma. The matter was referred to a magistrate judge who, after thorough review of the parties' filings and the record, recommended that Mr. Dufries's petition be denied.

Mr. Dufries filed an objection to the magistrate judge's recommendation, challenging all of the magistrate judge's conclusions except her determination regarding Mr. Dufries's Fourth Amendment claim alleging an illegal search. The district court noted that Mr. Dufries had waived his rights to appellate review of all issues related to his Fourth Amendment claim, adopted the magistrate judge's recommendation in full, and denied Mr. Dufries's petition for writ of habeas corpus. The district judge also denied Mr. Dufries's request for a COA.

Mr. Dufries now seeks a COA from this court so that he can appeal the district court's denial of his 28 U.S.C. § 2254 motion. Specifically, Mr. Dufries seeks a COA on four grounds: (1) he was denied effective assistance of trial and

appellate counsel,[1] (2) his state sentence was improperly enhanced using two prior federal drug convictions, (3) he was entitled to a lesser-related crime instruction, and (4) the accumulation of constitutional errors rendered his trial fundamentally unfair.[2]

---

[1] Mr. Dufries also requests an evidentiary hearing on his ineffective assistance claims. Under the Supreme Court's decision in *Cullen v. Pinholster*, 131 S. Ct. 1388, 1389 (2011), however, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." The magistrate judge did not have the benefit of *Pinholster* when she issued her recommendation in 2010—denying Mr. Dufries's ineffective assistance claims on the merits and denying his request for an evidentiary hearing—and the district court did not address *Pinholster* in its decision adopting the magistrate judge's recommendation. However, we are hard-pressed to discern a foundation for Mr. Dufries's request. As he admits, "the [state court] adjudicated the claim on the merits," Aplt. Br. at 21, and therefore *Pinholster* applies. Relying on a federal district court decision, *Hale v. Davis*, No. 07-12397, 2011 WL 3163375, at *8 (E.D. Mich. July 27, 2011), Mr. Dufries nevertheless contends that *Pinholster* does not "say that a federal court cannot ever consider evidence adduced at an evidentiary hearing." Aplt. Br. at 22. More specifically, he argues that we may grant an evidentiary hearing "once the 2254(d)(1) hurdle is overcome . . . and consider evidence adduced therefrom in making the ultimate determination of whether the *Strickland* violation happened in fact." *Id.* Given the plain terms of *Pinholster*, at first blush, this argument strikes us as dubious. However, we need not definitively opine on it here. As discussed *infra*, we agree with the district court that Mr. Dufries has not made a substantial showing of the denial of a constitutional right regarding the district court's denial of his ineffective assistance claims. Therefore, by the terms of Mr. Dufries's own argument, the predicate for an evidentiary hearing has not been established—*viz.*, the § 2254(d)(1) "hurdle" has not been "overcome."

[2] Mr. Dufries asserted seven grounds for habeas relief in his petition before the district court, but combined two of them before us (relating to ineffective assistance of trial and appellate counsel) and does not raise two others: (1) "under the Fourth Amendment, the evidence obtained from the search of his RV should have been suppressed," and (2) "his sentence of life without the possibility of parole for trafficking in drugs is excessive and amounts to cruel and

(continued...)

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have thoroughly reviewed the entire record, the magistrate judge's recommendation, the district court's order, and Mr. Dufries's brief in support of his motion for a COA. Based on this review, conducted pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude that Mr. Dufries is not entitled to a COA on any of his claims. Reasonable jurists could not debate whether Mr. Dufries's § 2254 motion should have been resolved in a different manner. The issues Mr. Dufries seeks to raise on appeal are not

[2](...continued)
unusual punishment in violation of the Oklahoma Constitution and the Eighth and Fourteenth Amendments to the United States Constitution." *Dufries v. Province*, 2011 WL 1877986, at *1 (W.D. Okla. May 17, 2011).

adequate to deserve encouragement to proceed further. Accordingly, we **deny**

Mr. Dufries's request for a COA and **dismiss** this matter.


Entered for the Court


JEROME A. HOLMES
Circuit Judge