NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0375n.06

No. 12-5118

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 20, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| ADRIAN HAMILTON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Adrian Hamilton appeals the district court's dismissal of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. Hamilton pled guilty to certain drug-related crimes under a written plea agreement, reserving the right to appeal whatever sentence the district court imposed but waiving his right to "contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including but not limited to, claims of ineffective assistance of counsel." After the district court sentenced Hamilton to 120 months' imprisonment, he allegedly directed his attorney to appeal his sentence but counsel never did. Once Hamilton learned that an appeal had not been taken, he brought a motion to vacate his sentence under § 2255 for the limited purpose of reinstating his opportunity to file a delayed appeal, arguing that his attorney provided ineffective assistance of counsel in violation of the Sixth Amendment by ignoring his instructions to file an appeal. The district court dismissed the

motion, concluding that the collateral-review waiver barred the claim. For the reasons that follow, we reverse and remand for an evidentiary hearing on the merits of Hamilton's ineffective-assistance claim.

I.

On January 5, 2009, a federal grand jury indicted Hamilton on charges of possession with intent to distribute 50 grams or more of cocaine base, possession with intent to distribute cocaine, and possession with intent to distribute marijuana. Hamilton retained counsel and pled guilty to all three counts under a Rule 11(c)(1)(C) plea agreement. The parties agreed that the mandatory minimum sentence of 120 months' imprisonment was appropriate and that the government would not seek an enhancement under 21 U.S.C. § 851, which would have doubled Hamilton's sentence to 240 months because of his prior record.

The agreement also contained a waiver clause regarding Hamilton's rights to appeal and to collaterally attack his conviction and sentence:

> 11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. ~~The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742,~~ and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including but not limited to, claims of ineffective assistance of counsel. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

Although the agreement originally contained a waiver of appeal and collateral attack, the parties struck out the waiver of appeal by placing their initials beside the lined-out portion of the second sentence, leaving the waiver of collateral attack in place.[1] Hamilton explained that he did not want to waive his right to appeal because counsel advised him that if the then-pending Fair

---

[1]We note that Hamilton does not contend that the striking out of the language preceding clause (a) nullifies the waiver of the rights in clause (b).

Sentencing Act ("FSA") became law while his direct appeal was unresolved, he would benefit from the FSA's lower mandatory minimum sentences.

At Hamilton's guilty plea hearing, the district court found him competent, that he desired to waive his constitutional rights, and that there was a factual basis for the plea. The government outlined the terms of the plea agreement, including the provision that Hamilton "is waiving any collateral attack at a later time based upon issues, not the least of which might be ineffective assistance of counsel." Hamilton acknowledged that he read, reviewed, and understood the agreement.

During the sentencing hearing, the parties again discussed the collateral-review waiver in the plea agreement. Addressing Hamilton directly, the district court advised: "Mr. Hamilton, you waived your right to collaterally attack your sentence, but you did not waive your right to appeal. And if you want to appeal this case, you need to file a notice of appeal within ten days after I enter an order setting your sentence." The court then sentenced Hamilton to 120 months' imprisonment. Contrary to Hamilton's alleged instruction otherwise, his counsel did not file a notice of appeal challenging the sentence.

Proceeding pro se, Hamilton filed a timely motion to vacate sentence under 28 U.S.C. § 2255, alleging one claim of ineffective assistance of counsel for his lawyer's failure to file a notice of appeal. Hamilton requested only that he be afforded the opportunity to file a delayed appeal of his sentence. The government filed a motion to dismiss based on the collateral-attack waiver in the plea agreement.

The court referred the motion to a magistrate judge, who recommended that the court deny the government's motion without prejudice and hold an evidentiary hearing to determine the merits of the ineffective-assistance claim before ruling on the effect of the collateral-attack

waiver. The court rejected the recommendation, granted the government's motion, and dismissed Hamilton's motion, holding that the collateral-attack waiver was knowing and voluntary, and that it barred the instant claim. Hamilton timely appealed and has been appointed counsel.

## II.

### A.

Whether a defendant has waived a right under a plea agreement and, if so, whether that waiver is enforceable are questions of law that we review de novo. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005); *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

### B.

Under the collateral-attack waiver in Hamilton's plea agreement, he has waived the right "to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including but not limited to, claims of ineffective assistance of counsel." The parties dispute whether this provision bars the instant § 2255 motion, which presents a post-sentencing, ineffective-assistance-of-counsel claim based on counsel's alleged failure to file a notice of appeal.[2]

---

[2]A lawyer's failure to appeal when expressly instructed by the client to do so is objectively unreasonable conduct per se under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Further, because depriving a defendant of his right to appeal is presumptively prejudicial, it is irrelevant whether the appeal is likely to succeed. *Id.* at 483; *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment").

Hamilton argues that the waiver does not apply here because he does not "contest or collaterally attack" his "sentence," nor does he raise a claim that his sentence is the product of ineffective assistance of counsel. Hamilton only challenges his lawyer's ineffective assistance in failing to file an appeal of his sentence. And, unlike most § 2255 movants, Hamilton does not seek to have his sentence permanently vacated or lowered; he seeks instead to have his sentence vacated only for the limited purpose of reinstating it so that he has a fresh opportunity to appeal. The government responds that the plain language of the waiver expressly precludes ineffective assistance claims, and, as the district court found, Hamilton's claim that his waiver was based on his expectation that an appeal would be filed does not take his ineffectiveness allegation outside the scope of his waiver.

We "use traditional contract law principles in interpreting and enforcing" plea agreements because they are contractual in nature. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). In determining whether a plea agreement has been breached, this court examines what the defendant "reasonably understood" when he entered into the agreement. *United States v. Phibbs*, 999 F.2d 1053, 1081 (6th Cir. 1993). "[T]he most persuasive evidence of what a defendant reasonably appreciated as his bargain is found in the plain language of the court-approved agreement." *Id.* Moreover, plea agreements are to be interpreted strictly, with ambiguities construed against the government "because the government can take steps in drafting a plea agreement to avoid imprecision." *Bowman*, 634 F.3d at 360–61.

Hamilton has the better argument. Because the ineffective-assistance claim does not challenge his sentence, but instead only challenges his lawyer's alleged failure to appeal his sentence, it does not fall within the plain language of the collateral-attack waiver. The government's contrary interpretation is not persuasive because the government offers no analysis

to support its conclusion that the instant claim is "expressly included" under the waiver; it simply states the proposition without textual support. Comparatively, and by identifying the controlling language that limits the scope of the waiver, Hamilton maintains that he does not "contest or collaterally attack" his "resulting sentence" with an ineffective-assistance claim. Instead, he challenges counsel's post-sentencing failure to file an appeal, a claim temporally unrelated to his "resulting sentence" as it accrued only after Hamilton was sentenced. Hamilton only asks that his sentence be vacated and immediately reentered—on the same exact terms—so that he may file a delayed direct appeal of his sentence with this court, a right he expressly reserved in the plea agreement. Thus, Hamilton is not "contesting" or "attacking" his sentence within the ordinary meaning of those words because the redressable harm arises from counsel's alleged post-sentencing misconduct, not the sentence itself. Hamilton's request for relief in his § 2255 motion confirms that he is not using this proceeding to attack or contest the merits of his sentence; it is the only procedural vehicle through which he can enforce his right to a direct appeal. Therefore, although it is true that the collateral-attack waiver bars ineffective-assistance claims challenging the sentence, Hamilton does not actually present such a claim in his motion.

Case law supports Hamilton's position. The dispositive distinction that he asks the court to accept is that the instant § 2255 claim based on counsel's alleged failure to file an appeal is not a challenge to his sentence. Case law on this issue is marginally helpful because the precise language of a collateral-attack waiver provision differs from case-to-case. However, in at least four cases, circuit courts have allowed analogous ineffective-assistance claims to proceed on collateral review notwithstanding a defendant's waiver of his right to collaterally attack his "sentence" as part of his plea agreement. *See United States v. Tapp*, 491 F.3d 263, 265–66 (5th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 772 n.1 (2d Cir. 2006); *Gomez-Diaz v.*

*United States*, 433 F.3d 788, 790 (11th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1263 n.2 (10th Cir. 2005). In *Campusano* and *Gomez-Diaz*, the courts described, but did not analyze, the collateral-attack waiver, which in both cases was expressly limited to a collateral attack on the "sentence." *See Campusano*, 442 F.3d at 772 n.1; *Gomez-Diaz*, 433 F.3d at 790. In *Tapp*, the court separately addressed the collateral-attack waiver and concluded that waiver was also limited to an attack on the "sentence." 491 F.3d at 264, 265–266. And in *Garrett*, the court noted that "the plain language of the waiver," which was limited to "sentence" challenges, "does not address the type of claim [that the § 2255 movant] has raised." 402 F.3d at 1266 n.5. Although these courts did not interpret the same waiver language presented in this case, they stand for the sound proposition that Hamilton asks us to accept: a § 2255 ineffective-assistance claim based on an attorney's failure to file an appeal is not tantamount to a "contest or collateral[] attack" on his "resulting sentence."

Further, Hamilton could not have reasonably understood that a waiver precluding a "contest" or "attack" on his "resulting sentence" would also bar a challenge to his attorney's alleged post-sentencing failure to file a notice of appeal upon direction, especially in this case where Hamilton negotiated to preserve the right to appeal his sentence given the pendency of the FSA. *See Phibbs*, 999 F.2d at 1081. Any ambiguity on the question of whether the waiver precludes the subject claim is resolved in favor of securing Hamilton's appellate rights. *See Bowman*, 634 F.3d at 360. Accordingly, the collateral-attack waiver is no bar to the ineffective assistance claim presented in Hamilton's § 2255 motion, and we reverse the district court's holding otherwise.

We must next consider the appropriate course of action to be taken on remand. Although nothing in the record contradicts Hamilton's assertion in his affidavit that he affirmatively

expressed to counsel his desire for an appeal, at oral argument the parties agreed that there is a fact question on this point. Because the resolution of this factual issue is pivotal to Hamilton's claim for relief, the district court should conduct an evidentiary hearing to determine if Hamilton in fact expressed the desire for an appeal as he now asserts. After the evidentiary hearing, if the district court finds that Hamilton instructed counsel to file an appeal, his attorney's failure to file an appeal constituted ineffective assistance of counsel, and Hamilton is entitled to file a delayed direct appeal of his sentence. If, on the other hand, the district court determines that Hamilton provided no such instruction, he is not entitled to any further relief.[3]

III.

For these reasons, we reverse and remand for an evidentiary hearing consistent with this opinion.

---

[3]We have taken this prudent course of action in a factually similar case, *see Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012), and our approach recognizes that the district court granted Hamilton a certificate of appealability only on its procedural ruling that the collateral-attack waiver bars the ineffective-assistance claim presented in the subject motion.