COOK, Circuit Judge.
Walter Edward Hardin appeals the district court’s denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Because Hardin waived his right to collaterally attack his sentence, we AFFIRM the district court’s judgment.
I.
Hardin pleaded guilty in 2009 to receiving child pornography and to using a facility and means of interstate commerce to attempt to coerce and entice a minor to engage in sexual activity. As part of his plea agreement, he waived “the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution” but reserved “the right to appeal any sentence greater than 120 months [sic] imprisonment.” (R. 21, Plea Agreement ¶ 11.)
The district court sentenced Hardin to 240 months’ imprisonment, and Hardin appealed. We rejected Hardin’s challenges to the procedural and substantive reasonableness of his sentence, and declined to reach his claim that his counsel provided ineffective assistance at sentencing. See generally United States v. Hardin, 487 Fed.Appx. 469 (6th Cir.2011). Hardin specifically alleged that his counsel was ineffective in (1) failing to timely object to the presentence report’s guidelines calculations, (2) failing to argue for a lower guidelines range at the sentencing hearing, (3) withdrawing a motion for leave to file late objections and a motion for a downward departure, and (4) failing to object to the court’s reliance on Hardin’s ex-girlfriend’s hearsay statements to detectives. Id. at 471-72. The government, however, raised the possibility that counsel withheld objections and withdrew the motions in exchange for the government agreeing not to seek additional sentencing enhancements. Id. at 472-73. Finding that we could not properly assess counsel’s motives on the existing record, we declined to address Hardin’s ineffective-assistance-of-counsel claim on direct appeal. Id.
Hardin timely raised an ineffective-as-■ sistance-of-counsel claim in the instant 28 U.S.C. § 2255 motion. The district court denied the motion, finding that Hardin knowingly and voluntarily waived his right to seek post-conviction relief under § 2255. We granted a certificate of appealability to consider whether Hardin waived his ineffective-assistance-of-counsel claim through his broad waiver of collateral-attack rights.
II.
A defendant “may waive any right, even a constitutional right, by means of a plea agreement.” United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir.2001) (citations and internal quotation marks omitted). We enforce such waivers according to their terms, so long as the defendant entered into the plea agreement knowingly and voluntarily. See, e.g., United States v. *462 Toth, 668 F.3d 374, 377-78 (6th Cir.2012). Notably, in Davila v. United States, we held that a defendant who knowingly and voluntarily agreed not to contest his sentence in any post-conviction proceeding waived the right to argue in a § 2255 motion that his counsel provided ineffective assistance at sentencing. 258 F.3d 448, 451 (6th Cir.2001).
Hardin contends that, notwithstanding our holding in Davila, he did not knowingly or voluntarily waive his right to collaterally attack his sentence on the ground that he received ineffective assistance of counsel at sentencing. He advances two arguments, neither persuasive.
Hardin first argues that he reserved the right to file a § 2255 motion because his plea agreement uses the general term “collateral attack” without mentioning § 2255 specifically. But he cannot, and does not, deny that his § 2255 motion collaterally attacks his sentence. Moreover, Hardin expressed no confusion about the meaning of “collateral attack” during his plea colloquy. Rather, when the district court judge asked if he had discussed his plea agreement with counsel and understood its terms, he answered “[y]es.”[1] (R. 65, Re-arraignment Tr. at 6.) He also answered “[y]es” when the judge asked if the prosecutor’s description of the plea agreement, including the waiver provisions, matched his understanding.[2] (Id. at 12.) In short, notwithstanding Hardin’s assertions to the contrary, nothing in the record suggests that he did not understand the terms of his plea agreement when he agreed to it. See United States v. Sharp, 442 F.3d 946, 951-52 (6th Cir.2006) (enforcing an appellate waiver where the defendant testified on the record that he read the plea agreement, understood its terms, and discussed it with counsel); cf. United States v. Gardner, 417 F.3d 541, 544 (6th Cir.2005) (finding that the district court satisfied its duty to verify that a defendant’s plea was voluntary under Fed.R.Civ.P. 11 by posing questions answerable with a simple “yes” or “no”).
Hardin also contends that in reserving his right to appeal any sentence exceeding 120 months, he “explicitly agreed to retain his right to collaterally attack any sentence greater than 120 months.” But the plain language of Hardin’s plea agreement belies this claim. See United States v. Bowman, 634 F.3d 357, 360 (6th Cir.2011) (explaining that this circuit interprets plea agreements according to traditional contract law principles and construes ambiguities against the government); see also Hamilton v. United States, 566 Fed.Appx. 440, 443 (6th Cir.2014) (“[T]he most persuasive evidence of what a defendant reasonably appreciated as his bargain is found in the plain language of the court-approved agreement.” (alteration in original) (quoting *463 United States v. Phibbs, 999 F.2d 1053, 1081 (6th Cir.1993))); United States v. Beals, 698 F.3d 248, 256 (6th Cir.2012) (“We must give effect to the intent of the parties as expressed by the plain language of the plea agreement”). The plea agreement reserves a limited “right to appeal any sentence greater than 120 months” and expressly waives all collateral-attack rights. And the waiver provision refers to-“appeal” and “collateral attack” as separate concepts, precluding Hardin’s argument for an implicit reading of “appeal” to include collateral attack. See United States v. Linder, 552 F.3d 391, 393 n. 1 (4th Cir.2009).
III.
For these reasons, we AFFIRM.

. For the first time in his reply brief, Hardin hints that his plea waiver might be invalid because his attorney failed to ensure that he understood it. But Hardin forfeited any claim that his counsel provided constitutionally ineffective assistance during plea negotiations. See United States v. Crozier, 259 F.3d 503, 517 (6th Cir.2001) (holding that claim raised for the first time in a reply brief is generally forfeited); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir.1997) ("Unless exceptional circumstances are present, we will not address an issue not first raised in district court.”).

. During the plea colloquy, the prosecutor described Hardin’s waiver provision thus:
In this case, the defendant has waived his right to appeal and collaterally attack his guilty plea, conviction[,] and sentence, including any order of restitution. And if there are known victims identified, there may be some order of restitution. The defendant does reserve his right to appeal any sentence that the court would impose that would be greater than one hundred twenty months.
(R. 65, Rearraignment Tr. at 10.)