Daragjati v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                          Circuit Judges,
         JESSE M. FURMAN,*
                          District Judge.

- - - - - - - - - - - - - - - - - - - -X

MICHAEL DARAGJATI,

    Petitioner-Appellant,

    -v.-                                    14-77

UNITED STATES OF AMERICA,

    Respondent-Appellee,

ERIC FRANZ, RONALD PAUL FISCHETTI,

    Respondents.

- - - - - - - - - - - - - - - - - - - -X

---

*  Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**                 Michael Daragjati, pro se, Lisbon, Ohio.

**FOR APPELLEE:**                 Paul Tuchmann, Peter A. Norling, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and **REMANDED**.

Michael Daragjati, pro se, appeals from the December 5, 2013 judgment of the United States District Court for the Eastern District of New York (Kuntz, J.), denying his motion pursuant to 28 U.S.C. § 2255 to vacate his 57-month sentence. We granted a certificate of appealability as to (i) the district court's "fail[ure] to determine whether Appellant had asked counsel to file a notice of appeal," and (ii) the district court's "ruling that counsel was not constitutionally defective for failing to object to unsubstantiated allegations at sentencing and investigate the records containing those allegations." (Order of June 30, 2014.) We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In reviewing a denial of relief under § 2255, we review the district court's findings of fact for clear error and conclusions of law de novo. Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." LoCascio v. United States, 395 F.3d 51, 54 (2d Cir. 2005) (quoting United States v. Blau, 159 F.3d 68, 74 (2d Cir. 1998)). A claim for ineffective assistance of counsel requires both that: (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different," id. at 694.

Daragjati asserts in connection with his § 2255 motion that he timely communicated to his trial counsel a request to file a notice of appeal, and that counsel failed to do so. This claim is governed by the following principle:

> [E]ven after a waiver [of the right to appeal], a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to Anders v. California, [386 U.S. 738 (1967)]. When counsel fails to do so, we will presume prejudice, as required by Roe v. Flores-Ortega, [528 U.S. 470 (2000)], and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit.

Campusano v. United States, 442 F.3d 770, 771-72 (2d Cir. 2006). To give effect to this principle, whenever a § 2255 movant "claims that his attorney failed to file a requested notice of appeal," the district court is required to hold a hearing "to determine whether the client requested the appeal . . . without assessing the merits of the requested appeal." Id. at 776. That hearing need not be testimonial. See id. (citing Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001)).

The district court denied Daragjati's § 2255 motion without holding the hearing required by Campusano. The court expressed the view that a direct appeal would have been meritless because of the appeal waiver, and it made no express finding as to whether Daragjati requested a notice of appeal. As the parties presently agree, this deviation from Campusano's prescription was error. We therefore vacate.

On remand, the district court must determine as a matter of fact whether Daragjati requested a notice of appeal, without regard for the anticipated merit of any appeal. If in that context the district court finds that "counsel fail[ed] to file a requested appeal," then Daragjati "is entitled to a new [direct] appeal without showing that his appeal would likely have merit." Flores-Ortega, 528 U.S. at 477 (alterations omitted) (quoting Peguero v. United States, 526 U.S. 23, 28 (1999)).

We express no view on the proper outcome of that proceeding. If, however, a new judgment is entered,

Daragjati would have the opportunity to directly appeal his sentence. In such an appeal, Daragjati would have the right to appellate counsel, who would either "support [Daragjati's] appeal to the best of his ability" or, if counsel believes any direct appeal to be frivolous, submit a "brief referring to anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744. Given Daragjati's pro se status on this § 2255 appeal, we decline at this juncture to address his claim that his counsel was ineffective at sentencing: if Daragjati ultimately brings a direct appeal, that appeal will better present this claim; and if the district court's finding on remand does not permit a direct appeal, then Daragjati may renew this claim on appeal from the district court's denial of his § 2255 motion.[1]

For the foregoing reasons, we hereby **VACATE** the judgment of the district court and **REMAND** for proceedings consistent with this order and Campusano, 442 F.3d at 776.[2] Any appeal following this remand shall return to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] If on remand the district court enters a new judgment denying Daragjati's § 2255 petition, we direct the district court to simultaneously issue a certificate of appealability with respect to (at a minimum) its ruling that counsel was not constitutionally defective for failing to object to unsubstantiated allegations at sentencing and investigate the records containing those allegations.

[2] We decline Daragjati's request to remand the action to a different district court judge.

4